BLANCO INVESTMENTS & LAND, LTD., JACK M. LITTLE, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blanco Inv. & Land, Ltd. v. Commissioner
Docket No. 14022-87.
United States Tax Court
T.C. Memo 1988-175; 1988 Tax Ct. Memo LEXIS 200; 55 T.C.M. (CCH) 677; T.C.M. (RIA) 88175; April 25, 1988. Frank L. Swan, for the petitioner. William C. Sabin, Jr. and Henry S. Schneiderman, for the respondent. WILLIAMS
MEMORANDUM OPINION Williams, Judge: This case is before us on petitioner's motion for litigation costs pursuant to Rule 230, Tax Court Rules of Practice and Procedure, seeking $ 4,575.00 in attorneys' fees and costs. In our previous opinion filed December 10, 1987, 89 T.C. 1169, we granted petitioner's motion to dismiss for lack of jurisdiction and denied his motion for litigation costs as untimely. Petitioner's current motion for litigation costs is timely, and we must decide whether petitioner is a prevailing party within the meaning of section 7430(c)(2) of the Internal Revenue Code of 1986.[1]
*202 Petitioner is the tax matters person of Blanco Investments & Land, Ltd. ("Blanco"), a subchapter S corporation which in 1983 had only one shareholder. The Commissioner examined Blanco's 1983 S corporation return pursuant to the S corporation audit and litigation procedures, section 6241 et seq., and determined adjustments to Blanco's S corporation return as set forth in a Notice of Final S Corporation Administrative Adjustment ("FSAA") issued on February 20, 1987. Petitioner timely filed a petition on May 19, 1987, seeking readjustment of respondent's determination. On May 22, 1987, petitioner filed a motion to dismiss for lack of jurisdiction on the ground that Blanco was exempt from the S corporation audit and litigation procedures as a small S corporation. In our prior opinion, we examined the relationship between the S corporation audit and litigation procedures, section 6241 et seq., and the partnership audit and litigation procedures, section 6221 et seq. We found that the partnership audit and litigation procedures were, in general, grafted onto the S corporation audit and litigation procedures unless mad inapplicable by regulations. There were no regulations under the *203 S corporation audit and litigation procedures in 1983. Petitioner argued that section 6244 impels the application of an exemption for small S corporations identical to that of section 6231(a)(1)(B), which exempts partnerships with 10 or fewer partners from the partnership audit and litigation procedures. Respondent argues that section 6244 did not mandate applying the small partnership exception of section 6231(a)(1)(B) to the S corporation audit and litigation procedures and, until he promulgated temporary regulations in 1987, [2] no small S corporation exception existed. We concluded that because the small partnership exception of section 6231(a)(1)(B)) "relate[s] to partnership items," section 6244(2) requires an exception for small S corporations. Furthermore, we held that respondent's delay in promulgating regulations did not eliminate this requirement. Because of the differences between partnerships and S corporations, however, we concluded that Congress could *204 not have intended an exception for S corporations with 10 shareholders. Believing the correct number to be within the discretion of the tax administrator, we refused to select an appropriately small number. We held, however, that because the statute mandates that a small S corporation exception exists, it must exempt an S corporation with one shareholder from the S corporation audit and litigation provisions. We held that the FSAA was invalid and that we lacked jurisdiction. In general, section 7430 of the Internal Revenue Code of 1986 ("the 1986 Code") provides for an award of reasonable litigation costs to the prevailing party in a civil tax proceeding if the party has exhausted the available administrative remedies. Pursuant to 1986 Code section 7430(c)(2), a prevailing party is one that (1) establishes that the position of the United States in the civil proceeding was not substantially justified; [3] (2) has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; and (3) has met the applicable net worth requirement. Respondent concedes that petitioner has exhausted his administrative *205 remedies and has substantially prevailed. We must decide whether respondent was substantially justified within the meaning of 1986 Code section 7430(c)(2)(A)(i) in pursuing the litigation against petitioner. [4]
For the taxable year 1983, there were no regulations in effect interpreting the S corporation audit provisions. At the time respondent issued the FSAA on February 20, 1987, no court had considered the question whether a small S corporation exception existed. Although temporary regulations were issued on January 30, 1987 providing an exemption from the S corporation audit and litigation procedures for S corporations with five or fewer shareholders, those *206 regulations are effective only for taxable years the due date of the return for which is on or after January 30, 1987. Section 301.6241-1T(c)(2), Temp. Proced. and Admin. Reg., 52 Fed. Reg. 3003 (January 30, 1987). The statute was the only authority on which respondent could rely in deciding how to resolve this case. The statute, however, is vague and gives little direction for deciding which provisions of, and in what manner, the partnership audit and litigation procedures apply to S corporation audits and litigation. Under these circumstances we believe that respondent was entitled to obtain guidance from the Court on whether the statute mandates a small S corporation exception. We, therefore, hold that respondent was substantially justified in pursuing the litigation against petitioner. Petitioner is thus not a prevailing party within the meaning of section 7430(c)(2) and is not entitled to an award of litigation costs. Petitioner's Motion for Litigation Costs is denied.
Footnotes
1. Unless otherwise specified,all section references are to the Internal Revenue code of 1954 as in effect for the year in issue. In the Tax Reform Act of 1986, Pub. L. 99-514, section 1551(d), 100 Stat. 2752, Congress amended section 7430↩ effective for amounts paid after September 30, 1986, in civil actions or proceedings commenced after December 31, 1985. The petition in this case was filed on May 19, 1987, and petitioner's motion for litigation costs is thus governed by the provisions of the 1986 Act. 2. See section 301.6241-1T(c)(2)(ii), (iii), Temp. Proced. and Admin. Regs., 52 Fed. Reg. 3003↩ (January 30, 1987), providing an exception for S corporations with five or fewer shareholders. 3. We have held that the "substantially justified" standard is not a change from the "reasonableness" standard of prior law. Sher v. Commissioner,89 T.C. 79, 84↩ (1987). 4. Because of our holding on this issue, we do not reach the question whether petitioner satisfies the net worth requirement of section 7430(c)(2)(A)(iii)↩. We note that petitioner has submitted no evidence of his net worth as to the time he filed his petition and that respondent has not raised the issue of petitioner's net worth.