The PANTS RACK, INC., Appellee,

v.

UNITED STATES of America, Appellant.

No. 81–1231.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1981.

Decided Jan. 14, 1982.

---

Melvin E. Clark, Jr., Tax Division, Dept. of Justice, Washington, D. C. (John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Richard Farber, Tax Division, Dept. of Justice, Washington, D. C., James L. Blackburn, U. S. Atty., William Woodward Webb, Asst. U. S. Atty., Raleigh, N. C., on brief), for appellant.

Curtis A. Twiddy (Thomas L. Norris, Jr., Poyner, Geraghty, Hartsfield & Townsend, Raleigh, N. C., on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.

HAYNSWORTH, Senior Circuit Judge:

The question is the interpretation of 26 U.S.C.A. § 6655(d)(2) in the context of a corporation's duty to pay in advance installments of estimated income tax liability during the first year after revocation of an election to be taxed under Subchapter S. The district court held that, since in the preceding year the corporation's net income was not subject to tax levied upon it, it could lawfully estimate its income tax for the current year as nothing and, hence, was not subject to a penalty for not having filed declarations of estimated income tax and not making the estimated payments.

In 1971, when it was incorporated, The Pants Rack, Inc., elected to be taxed as a small business corporation under Subchapter S of the Internal Revenue Code of 1954. That election remained in effect through its 1976 fiscal year. During the first month of its next fiscal year, however, it revoked that election.

In its fiscal year 1976, it had net income taxable under Subchapter S to its shareholders. Nevertheless, during its 1977 fiscal year it filed no declarations of estimated tax liability and paid no installments of estimated tax. The taxpayer's 1977 return showed an income tax liability of $84,573.00, to which the Commissioner added a penalty of $2,786.96 under 26 U.S.C.A. § 6655(a) for not having paid installments of estimated tax. The penalty was paid under protest. This action was filed after administrative denial of the taxpayer's claim for a refund.

Section 6655 provides for the assessment of a penalty upon a corporate taxpayer for underpayment of its estimated income tax liability. Subsection (d), however, provides alternative means by which the taxpayer may be protected from the hazards of underestimation and assessment of the penalty. One of those alternatives, provided by subsection (d)(2), exempts a corporation from the penalty if it has paid "[a]n amount equal to the tax computed at the rates applicable to the taxable year but otherwise on the basis of the facts shown on the return of the corporation for, and the law applicable to, the preceding tax year." On

the basis of "the facts shown on the return . . . , and the law applicable to" language of this subsection, the taxpayer contends that it had no taxable income in 1976 since in that year it was taxable under Subchapter S and, hence, was required to make no estimated tax payments with respect to its 1977 income.

We disagree.

Subchapter S provides a means by which a small business corporation and its shareholders may avoid the double taxation which inevitably occurs when corporate profits are subjected to taxation at the corporate level and its dividends are again taxed when they are paid to shareholders. It is not an exemption from taxation, however. It is simply an attribution of taxable income to the shareholders, who must ratably report that income upon their individual tax returns. Of course, that attributed income enters into their estimates of their individual income tax liabilities. Thus, through the shareholders of a Subchapter S corporation, the Internal Revenue Service receives current payments of the estimated tax upon the corporation's net taxable income.

■ Upon revocation of the Subchapter S election, however, the stockholders become taxable only upon corporate distributions actually received by them. For income tax purposes, they are no longer treated as having received undistributed corporate profits. The theory of current collection of income taxes requires that, upon revocation of a Subchapter S election, the corporation immediately pick up the former duty of its stockholders to make payments of estimated taxes on corporate income. It is inconsistent with this theory to construe § 6655(d) to exempt a former Subchapter S corporation from making payments of estimated tax during the first year after revoking its earlier election.

■ It is simply wrong to say that the net income of a Subchapter S corporation is not taxable. It must be reported on a proper return, and 26 U.S.C.A. § 1373 speaks specifically of the "undistributed taxable income" of such a corporation. Under the scheme, there is simply an attribution of such income to the corporation's shareholders, but that does not mean, contrary to the language of § 1373, that its income is not taxable.

There is no problem in the application of § 6655(d) in this situation. This taxpayer reported its 1976 net income on its 1976 return. That figure was available to it as the basis for the 1977 estimate. Had it used that and made the estimated installment payments, it would have been provided with absolute assurance against assessment of any penalty. It was not required to make any fresh or different calculations than those involved in computing its net income as reported upon its 1976 return.

■ We read "the law applicable to" language of § 6655(d)(2) to serve only the purpose of avoiding any necessity of recalculating net income of the previous year based upon changes in the applicable statutes or controlling interpretations. The provision obviously relates only to the laws making the income, depending on its own attributes, taxable or nontaxable. It does not allow total disregard of the income simply because of the exempt status of the *corporation* in the preceding year. Thus the taxpayer is given assurance that, notwithstanding changes in the law relating to the calculation of net income, it may use the net income figure from the previous year's return, to which, of course, it must apply current rates in computing estimated tax. Only a change in rates, however, involves any recomputation in preparing the estimated tax for the current year.*

Thus, § 6655(d) reads comfortably upon the situation of this taxpayer in the first

* This is not to say that a corporation in the situation of this taxpayer may not take advantage of deductions available to ordinary corporate taxpayers but not allowable in computing the undistributed net income of a Subchapter S

corporation. The "law relating to" language well may be construed to refer to all of that body of law applicable to ordinary corporate taxpayers.

year after revocation of its Subchapter S election. The facts are shown on its return for 1976, and its computation of its net income was presumptively in accordance with then applicable law. It had only to lift that net income figure as the basis for computing its estimated 1977 tax at 1977 rates.

■ We cannot construe § 6655(d) as an exemption from the estimated tax payment requirements during all of the first year after revocation of its Subchapter S election.

The judgment of the district court is reversed and the case remanded for the entry of a judgment in accordance with this opinion.

REVERSED AND REMANDED.