BLANCO INVESTMENTS & LAND, LTD., JACK M. LITTLE, TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14022-87.    Filed December 10, 1987.

---

*Frank L. Swan,* for the petitioner.

*William Sabin* and *Henry Schneiderman,* for the respondent.

OPINION

WILLIAMS, *Judge:* This case is before us on petitioner's motions to dismiss for lack of jurisdiction and for litigation costs. The Commissioner determined adjustments to Blanco Investments & Land, Ltd.'s (Blanco) S corporation return for its 1983 taxable year as set forth in a Notice of Final S Corporation Administrative Adjustment.

Petitioner contends that Blanco was exempt from the S corporation audit and litigation procedures of subchapter D of chapter 63 of subtitle F, sec. 6241 et seq.,[1] in 1983 because it had only one shareholder. Respondent argues that there was no small S corporation exception in 1983. We must decide whether and to what extent section 6244 incorporates into the S corporation audit and litigation procedures, sec. 6241 et seq., the small partnership excep-

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

tion to the partnership audit and litigation procedures, sec. 6221 et seq., set forth in section 6231(a)(1)(B).

A hearing was held on petitioner's motions on October 21, 1987, at Washington, D.C. Petitioner filed a statement in lieu of appearance pursuant to Rule 50(c) on October 19, 1987. The relevant facts are not in dispute.

Petitioner Jack M. Little is the tax matters person of Blanco, a corporation organized under the laws of the State of California and having its principal place of business at Laguna Hills, California. Blanco elected to be taxed as a subchapter S corporation during the year in issue. See sec. 1362(a).

In 1983, Blanco had only one shareholder, William T. White III. White's 1983 income tax return consistently reports the information obtained from the Schedule K-1 issued by Blanco. On August 9, 1985, respondent commenced an examination of Blanco's 1983 S corporation return pursuant to the S corporation audit and litigation procedures, sec. 6241 et seq. On February 20, 1987, respondent mailed a Notice of Final S Corporation Administrative Adjustment (FSAA) to petitioner, proposing changes to Blanco's S corporation return for 1983.

Petitioner timely filed a petition with this Court on May 19, 1987, seeking readjustment of respondent's determinations set forth in the FSAA. On May 22, 1987, petitioner filed a motion to dismiss for lack of jurisdiction on the ground that Blanco was exempt from the S corporation audit and litigation procedures as a small S corporation. Petitioner concurrently filed a motion for litigation costs. On September 4, 1987, respondent filed his notice of objection to petitioner's motion to dismiss and memorandum in support thereof. Respondent also filed a notice of objection to petitioner's motion for litigation costs on the ground that the motion was premature under Rule 231(a)(2)[2] because the Court had not ruled on petitioner's motion to dismiss.

The S corporation audit and litigation procedures, sec. 6241 et seq., were added to the Code in 1982 to provide a method for unified treatment of subchapter S items among the shareholders. Subchapter S Revision Act of 1982, Pub.

---

[2] All Rule references are to the Tax Court Rules of Practice and Procedure.

L. 97-354, sec. 4(a), 96 Stat. 1691-1692; see S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. A "subchapter S item" is "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level than at the shareholder level." Sec. 6245. The tax treatment of subchapter S items, except as otherwise provided by regulations, is determined at the corporate level. Sec. 6241. Each shareholder in an S corporation must "be given notice of, and the right to participate in, any administrative or judicial proceeding for the determination at the corporate level of any subchapter S item." Sec. 6243.

The Subchapter S Revision Act of 1982, *supra*, was enacted shortly after the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, which added the partnership audit and litigation procedures, sec. 6221 et seq., to the Code. Section 6244[3] makes certain provisions of the partnership audit and litigation procedures applicable to S corporations except as modified or made inapplicable by regulations. There were no regulations under the S corporation audit procedures in 1983.

On January 30, 1987, respondent issued temporary regulations[4] providing special rules for the treatment of certain small S corporations. The regulations are effective for "any taxable year of an S corporation the due date of the return for which (determined without regard to extensions) is on or

---

[3]Sec. 6244 provides,

SEC. 6244. CERTAIN PARTNERSHIP PROVISIONS MADE APPLICABLE.
  The provisions of—
    (1) subchapter C which relate to—
      (A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and
      (B) judicial determination of partnership items, and
    (2) so much of the other provisions of this subtitle as relate to partnership items,
are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items.

[4]The text of the temporary regulations also serves as the text of the proposed regulations. 52 Fed. Reg. 3001 (Jan. 30, 1987). Sec. 301.6241-1T(c)(2)(ii), (iii), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), exempts S corporations with five or fewer shareholders, each of whom is a natural person or an estate and none of whom is a pass-through shareholder, from the application of the S corporation audit and litigation procedures, sec. 6241 et seq.

A small S corporation, however, may elect to have the corporate level audit and litigation procedures apply. Sec. 301.6241-1T(c)(2)(v), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987). Compare sec. 6231(a)(1)(ii).

after January 30, 1987." Sec. 301.6241-1T(c)(2)(i), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).

Petitioner argues that section 6231(a)(1)(B), which exempts partnerships with 10 or fewer partners from the partnership audit and litigation procedures is made applicable to S corporations by section 6244. If the statute provides a small S corporation exception, because Blanco had only one shareholder in 1983, respondent would have been without authority to issue a FSAA, and the case should be dismissed for lack of jurisdiction. Respondent argues that the small partnership exception of section 6231(a)(1)(B) is not incorporated into the S corporation audit procedures by section 6244, and that prior to the effective date of section 301.6241-1T(c)(2), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987), no small S corporation exception existed. Consequently, respondent contends the FSAA is valid, and the Court has jurisdiction.

Section 6244 incorporates generically four categories of partnership audit and litigation provisions into the S corporation audit and litigation procedures: those relating to (1) assessments of deficiencies, (2) filing claims for credit or refund, (3) judicial determinations of partnership items, and (4) partnership items. Section 6231(a)(1)(B)[5] does not relate to an assessment, refund claim, or judicial determination and, therefore, is not made applicable to S corporation audits by section 6244(1). Consequently, the small partnership exception applies to S corporation litigation only if it "relate[s] to partnership items" within the meaning of section 6244(2).

Respondent contends that the small partnership exception does not relate sufficiently to partnership items to be incorporated into the S corporation audit and litigation procedures. Moreover, respondent argues that because S

---

[5] Sec. 6231(a)(1)(B)(i) provides,

SEC. 6231(a). DEFINITIONS.—For purposes of this subchapter—
   (1) PARTNERSHIP.—

   *       *       *       *       *       *       *

   (B) EXCEPTION FOR SMALL PARTNERSHIPS.—
   (i) IN GENERAL.—The term "partnership" shall not include any partnership if—
   (I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and
   (II) each partner's share of each partnership item is the same as his share of every other item.

corporations are by definition small (see sec. 1361(b)(1)(A)), Congress did not intend for the small partnership exception to be incorporated via section 6244.

We believe that the small partnership exception does, by definition, "relate" to partnership items. Eligibility for small partnership status turns, in part, on how the partners share partnership items. Section 6231(a)(1)(B)(i)(II) expressly provides that a necessary element of small partnership status is that each partner share in partnership items in the same proportion as that partner shares in all other items. Further, the existence of partnership items depends on the existence of a partnership. If a partnership meets the requirements for the small partnership exception of section 6231(a)(1)(B), it is not considered to be a partnership for purposes of the partnership litigation procedures. In that event, no partnership items exist. The connection, therefore, between the small partnership exception and partnership items is direct and substantial. In these circumstances, to hold as respondent argues that the small partnership exception does not "relate" to partnership items would require a strained reading of section 6244(2).

The partnership litigation provisions were, in effect, grafted onto the subchapter S litigation provisions. No specific expression of congressional approval or disapproval of a small subchapter S exception can be found; nevertheless because a very detailed statute was being grafted onto the subchapter S litigation provisions, we presume that Congress was aware of that statute's reach and application. The small partnership exception is part of that detail, and because it relates to partnership items, we believe the statute incorporates a small S corporation exception in the subchapter S procedures.

Respondent argues that a small S corporation exception, if one exists, must necessarily be set at 10 shareholders to parallel the partnership provisions. Respondent correctly points out that while partnerships may have 100 or more partners, S corporations are statutorily limited to 35 shareholders. Thus, while 10 is a small exception for partnerships, it is not for S corporations. By exempting S corporations with 10 or fewer shareholders, respondent's counsel has represented that we would exempt 90 percent of

S corporations from the entity level audit and litigation procedures. We agree with respondent that Congress could not have intended such a result, but we do not agree that the statute necessarily contemplates a small S corporation exception set at 10 shareholders in the absence of regulations.

Congress gave respondent broad regulatory authority in interpreting the S corporation litigation provisions to modify or make inapplicable provisions of the partnership litigation procedures. Respondent has the authority to modify the small partnership exception to take into account the differences between S corporations and partnerships. See S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. Indeed, he recently exercised this authority to exempt S corporations with five or fewer shareholders from the S corporation audit procedures for taxable years ending after January 30, 1987. Sec. 301.6241-1T(c)(2), Temp. Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987).

Prior to the effective date of the regulations, respondent had taken no action to modify the small partnership exception. Respondent argues that until the regulations took effect, there was no small S corporation exception. Nevertheless, the statute mandates that some exception exists, at least in the absence of regulations to the contrary. A small subchapter S exception is not triggered by respondent's promulgation of regulations. It is created by the statute. The regulations set the limit within which the exception operates. In other words, we will not read the exception out of the statute because of respondent's failure to issue timely regulations.

If we were to set the number of shareholders an S corporation may have and still qualify for a small S corporation exception, we would be acting as the tax administrator. That is not our position and we will not usurp it.[6] Notwithstanding our refraining from choosing the

---

[6]We doubt, however, that respondent could exempt S corporations with more than 10 shareholders from the S corporation audit and litigation procedures. This is the maximum number of partners a partnership may have to qualify for the small partnership exception, and there is no indication that Congress intended to create a larger exception for S corporations. In addition, as we have previously noted, an exception for S corporations with 10 or fewer shareholders exempts 90 percent of S corporations from the entity level proceedings. If respondent set an upper limit on the size of S corporations exempt from the entity level proceedings at a number larger than 10, he would exempt virtually all S corporations from the

right number, we believe that there is a statutory minimum number.

We believe the statutory minimum exception for small S corporations is an S corporation with only one shareholder. While administrative discretion is necessary to set the required number of shareholders higher than one, it is clear that interpreting the S corporation litigation procedures to apply to an S corporation with one shareholder would lead to a result contrary to the intent of the statute. The procedures were intended to conserve time and resources by disposing of all issues relating to an S corporation in a single proceeding. There is no need for a separate entity level proceeding for an S corporation with only one shareholder. It is impossible to have conflicting shareholder positions with a single shareholder. The judicial and administrative problems that prompted Congress to enact the entity level audit and litigation procedures do not exist in the case of the single shareholder. Moreover, applying the entity level procedures to a single shareholder S corporation creates additional litigation rather than conserving time and resources.

We are not required to ignore commonsense in interpreting a statute. Congress enacted the entity level audit and litigation procedures to provide a unified proceeding to determine the tax treatment of entity items, thus ensuring consistent results for all shareholders. Where an S corporation is owned by one shareholder a "unified" proceeding is a useless bifurcation of a one-person examination. Although respondent has broad discretion under the S corporation audit and litigation procedures, that discretion is not unfettered. Respondent cannot nullify the statute by failing to promulgate regulations.

We, therefore, hold that Blanco was exempt from the small S corporation audit and litigation procedures in 1983, as a small S corporation. The Notice of Final S Corporation Administrative Adjustment is thus invalid and we lack jurisdiction.[7]

---

reach of the S corporation audit and litigation procedures. Such an action could constitute an abuse of discretion.

[7]Petitioner's motion for litigation costs is premature and we, therefore, express no opinion on it. Rule 231(a)(2).

To reflect the foregoing,

> *Petitioner's motion to dismiss for lack of jurisdiction will be granted.*