ROBERT FEHLHABER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10543-89.     Filed June 13, 1990.

*Jerome S. Richman,* for the petitioner.
*Sergio Garcia-Pages,* for the respondent.

OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b)(4) of the Code and Rule 180 et seq.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

## OPINION OF THE SPECIAL TRIAL JUDGE

GUSSIS, *Special Trial Judge:* This case is before the Court on petitioner's motion for summary judgment filed August 11, 1989. Both parties presented arguments at a hearing on the motion held on November 22, 1989.

The stipulation of facts is incorporated herein by this reference. Petitioner was a resident of Fort Lauderdale, Florida, when the petition was filed in this case.

Petitioner was the sole shareholder in Fehlhaber Associates, Inc., a small business corporation under section 1361, during the period here involved. Fehlhaber Associates, Inc. timely filed a return on Form 1120-S for the taxable year ended November 30, 1985. No Form 872, Consent to Extend the Time to Assess Tax, was executed as to the corporation's tax return for the taxable year ended November 30, 1985.

Petitioner timely filed his Federal income tax return for the year 1985 on or before April 15, 1986. Respondent mailed a statutory notice of deficiency on April 12, 1989, in which he determined a deficiency in petitioner's Federal income tax for 1985 in the amount of $59,041 and also determined that petitioner was liable for additions to tax under the provisions of sections 6653(a)(1), 6653(a)(2), and 6661. The only adjustment to income was the disallowance of a loss in the amount of $79,166 attributable to Fehlhaber Associates, Inc. The issue for decision is whether the statute of limitations bars the adjustment.[2]

Summary judgment is a device used to avoid unnecessary and expensive trials of "phantom factual questions." *Espinoza v. Commissioner,* 78 T.C. 412, 416 (1982). A motion for summary judgment is granted only when it is shown that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b).

With certain exceptions, an S corporation is not subject to income tax on its taxable income. Sec. 1363(a). Instead, it files an information return and the shareholders report their

---

[2]No issue is raised as to whether the unified S corporation audit and litigation provisions of secs. 6241 through 6245, Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1691-1692, are applicable in this case. See *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987); *111 West 16 St. Owners, Inc. v. Commissioner,* 90 T.C. 1243 (1988).

pro rata share of the S corporation's gross income and are liable for the taxes due on the corporate income. Secs. 1366(a) and 1366(c).

The facts are not in dispute. The notice of deficiency was sent to petitioner on April 12, 1989, which was within 3 years from the date he filed his individual Federal income tax return for 1985. However, the deficiency notice was not sent within 3 years from the date the S corporation timely filed its information return for the taxable year ended November 30, 1985. Respondent contends that the statute of limitations should be applied at the shareholder level and hence the assessment of petitioner's 1985 tax would not be barred. Petitioner argues that the statute of limitations should be applied at the S corporation level and thus the assessment of petitioner's 1985 tax reflecting his share of the Fehlhaber Associates, Inc., loss is barred.

Section 6501(a) generally provides that the amount of any tax imposed by the Internal Revenue Code shall be assessed within 3 years after the return was filed. Section 6037(a) requires S corporations to file information returns for each taxable year and provides that "Any return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as a return filed by the corporation under section 6012."

The parties differ as to the meaning of section 6037(a). Petitioner relies upon *Kelley v. Commissioner,* 877 F.2d 756 (9th Cir. 1989), reversing and remanding T.C. Memo. 1986-405, in which the Court of Appeals interpreted section 6037(a) to mean that the statute of limitations must be applied at the S corporation level. We note that an appeal in this case will lie in the Eleventh Circuit and therefore we are not bound by the Ninth Circuit's opinion in *Kelley.* See *Golsen v. Commissioner,* 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

In interpreting a statute it is the function of the Court to construe the language so as to give effect to the intent of Congress. *United States v. American Trucking Associations, Inc.,* 310 U.S. 534, 542 (1940). The entire context of a statute must be considered to give effect to the object and policy of the whole law. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 51 (1987). Since words are inexact

tools at best, "there is wisely no rule of law forbidding resort to explanatory legislative history no matter how clear the words may appear on 'superficial examination'." *Harrison v. Northern Trust Co.,* 317 U.S. 476, 479 (1943); see *Carasso v. Commissioner,* 34 T.C. 1139, 1142 (1960), affd. 292 F.2d 367 (2d Cir. 1961). In addition, statutes should be interpreted in a practical way. *Palermo v. United States,* 360 U.S. 343 (1959). Courts are not bound to apply slavishly the literal phrasing of a statute when the clearly indicated purpose of Congress seems to require a broader interpretation. *J.C. Penney Co. v. Commissioner,* 37 T.C. 1013, 1017 (1962), affd. 312 F.2d 65 (2d Cir. 1962). Courts can also reject the literal meaning of the words of a statute "where acceptance of that meaning would lead to absurd results." See *Commissioner v. Brown,* 380 U.S. 563, 571 (1965).

We have previously considered the legislative history relevant to section 6037(a). In *Leonhart v. Commissioner,* T.C. Memo. 1968-98, affd. per curiam on other issues 414 F.2d 749 (4th Cir. 1969), the taxpayer, an S corporation shareholder, argued that the statute of limitations applied at the S corporation level to bar assessment of taxes against him because of the adjustments to the S corporation's income. We rejected the argument, concluding that section 6037 was intended to provide that the *information return* filed by the corporation would be treated as a corporate return for purposes of the statute of limitations *only* where the election of the corporation under subchapter S was ineffective. In so concluding we relied upon the relevant portion of the Senate Report on the Technical Amendments Act of 1958, which added section 6037 and reads as follows:

IV. Technical Explanation

Section 68. Election of Certain Small Business Corporations

\*    \*    \*    \*    \*    \*    \*

Annual Returns Required

Notwithstanding the fact that an electing small-business corporation is not subject to the tax imposed by chapter 1 of the 1954 Code, such corporation must make a return for each taxable year in accordance with new section 6037 as added by subsection (c) of section 68 of the bill. Such return will be considered as a return filed under section 6012 for purposes of the provisions of chapter 66, relating to limitations. Thus, for example,

the period of limitations on assessment and collection of any corporate tax found to be due upon a subsequent determination that *the corporation was not entitled to the benefits of subchapter S,* will run from the date of filing of the return required under the new section 6037. [S. Rept. 1983, 85th Cong., 2d Sess. (1958), 1958-3 C.B. 922, 1147. Emphasis added.]

See also *United States v. Adams Building Co.,* 531 F.2d 342, 343 n. 2 (6th Cir. 1976); and *Jacobsson v. Commissioner,* T.C. Memo. 1987-559.

This interpretation is also reflected in section 1.6037-1(c), Income Tax Regs., promulgated in 1959, which provides:

(c) *Other provisions.* The return on Form 1120-S will be treated as a return filed by the corporation under section 6012, relating to persons required to make returns of income, for purposes of the provisions of chapter 66 of the Code, relating to limitations. Thus, for example, the period of limitation on assessment and collection of any corporate tax found to be due upon a subsequent determination that the corporation was not entitled to the benefits of subchapter S, chapter 1 of the Code, will run from the date of filing the return under section 6037, or from the date prescribed for filing such return, whichever is the later.

Congress was cognizant of the prior legislative history and the longstanding and unchallenged regulations under section 6037 when it enacted the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669. S. Rept. 97-640 (1982), 1982-2 C.B. 718, 729, states:

Under present law, a taxpayer's individual tax liability is determined in proceedings between the Internal Revenue Service and the individual whose tax liability is in dispute. Thus, any issues involving the income or deductions of a subchapter S corporation are determined separately in administrative or judicial proceedings involving the individual shareholder whose tax liability is affected. Statutes of limitations apply at the individual level, based on the returns filed by the individual. The filing by the corporation of its return does not affect the statute of limitations applicable to the shareholders.

We have again considered our opinion in *Kelley v. Commissioner, supra,* in view of the reversal by the Court of Appeals for the Ninth Circuit. We think our holding was correct and we respectfully disagree with the Ninth Circuit's reasoning on this issue. In our judgment, its decision is incompatible with congressional intent and the interworkings of sections 6037(a), 6012(a)(2), and 6501(a).

Every S corporation is required to file a return setting forth items of income, deductions, and distributions of property which affect the income tax liability of its shareholders. Sec. 6037(a). However, as a passthrough entity, an S corporation is generally a taxpayer not subject to income tax. Secs. 1363(a) and 7701(a)(14). Where, as here, the S corporation is not subject to income taxation, the return it files is merely an "information" return which does not compute a corporate income tax liability. Only if the S corporation becomes liable for taxes is the "information" return treated under the last sentence in section 6037(a) as the return required by section 6012(a)(2) to be filed by corporations subject to income taxation. Only then does the interaction of the last sentence in section 6037(a), section 6012(a)(2), and section 6501(a), require that the return filed by the S corporation be the yardstick to measure the statute of limitations for assessing the corporate tax. That is not the situation here. Consequently, the statute of limitations for assessment of petitioner's income tax liability should be measured with reference to his tax return. In other words, the statute of limitations on assessment and collection contained in section 6501(a) is inapposite to the "information" return of the S corporation because respondent has not issued a statutory notice of deficiency under section 6212(a) to the S corporation. Respondent is not seeking in this case to determine a deficiency and assess tax against the S corporation. Hence the only "return" relevant to section 6501(a) is that of petitioner against whom respondent has determined a deficiency which he seeks to assess and collect within the scope of the statutory scheme. We think any other interpretation of these Code sections would be strained and would run afoul of the Supreme Court's pronounced standard for determining the proper construction of the statute of limitations: "Statutes of limitation sought to be applied to bar rights of the Government must receive a strict construction in favor of the Government." *E. I. Dupont De Nemours & Co. v. Davis,* 264 U.S. 456, 462 (1924). See also *Badaracco v. Commissioner,* 464 U.S. 386, 391 (1984); and *Lucia v. United States,* 474 F.2d 565, 570 (5th Cir. 1973).

In *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180 (1957), an analogous case, the taxpayer did not file regular corporate tax returns, having originally been determined to be a tax-exempt organization. It did, however, file exempt organization information returns. When the Commissioner later revoked its tax-exempt status and determined a deficiency against it, the organization contended that the statute of limitations for assessment had run because the notice of deficiency had been issued more than 3 years after it had filed the information returns. The Supreme Court rejected the argument, stating that because information returns "lack the data necessary for the computation and assessment of deficiencies," such returns are not "tax returns within the contemplation of section 275(a)," the predecessor of section 6501(a). 353 U.S. at 188.

Here the information return of Fehlhaber Associates, Inc., is plainly not petitioner's tax return. While it may show petitioner's distributive share of losses, it does not indicate his adjusted basis in his corporate stock, which is information necessary to determine if the loss is deductible. Sec. 1366(d)(1). Nor does it show petitioner's income, losses, deductions, and credits from other sources. Moreover, the information return of the S corporation does not relate to the same taxable period as petitioner's return—it is for the taxable year ended November 30, 1985, while petitioner's return is for the calendar year ended December 31, 1985. To be sure, "the return" to which section 6501(a) refers is petitioner's Federal income tax return for 1985 and not the information return of the S corporation for the taxable year ended November 30, 1985. Thus, measured against petitioner's return, the statutory notice of deficiency underlying respondent's determination was timely mailed 3 days before the 3-year period for assessment expired.

In *Kelley* the Ninth Circuit's interpretation of the statutory scheme seems to have been motivated by the policy consideration that shareholders of S corporations would be unfairly prejudiced if they had to defend against an adjustment flowing from an S corporation after 3 years from the time the information return was filed and the S corporation presumably disposed of the relevant books and records. *Kelley v. Commissioner,* 877 F.2d at 758. We do

not regard this concern as persuasive for three reasons. First, such construction of these Code sections to avoid a perceived unfairness to taxpayer shareholders conflicts with the settled rule that statutes of limitations should be strictly construed. Second, it is not unusual for the extent and character of items reported on an individual's income tax return to be dependent upon the books and records maintained by another entity. Such items are routine in areas of partnership and trust taxation. Third, in the vast majority of S corporations there is only one shareholder or a relatively small number of shareholders who regularly operate the business and have ready access to the corporate books and records.

As we see it, the rationale of the Court of Appeals could lead to unintended and adverse consequences for taxpayers and the Internal Revenue Service. For example, if the information return rather than the shareholder's return starts the running of the statutory period for assessment, then the time would expire 3 years after the filing of the information return even if the shareholder did not file a return. While section 6501(c)(3) extends the assessment period indefinitely as to taxpayers who fail to file returns, the effect of the Ninth Circuit's decision would be to engraft an exception for taxpayers who are shareholders of S corporations. Those taxpayers would have a 3-year period with respect to flow-through items—a result clearly incorrect as a matter of law, policy, and judicial prerogative. Cf. *Badaracco v. Commissioner,* 464 U.S. at 401. In some cases the Commissioner would be in the position of having to determine a deficiency against the shareholder as to flowthrough items without having had adequate time to audit the shareholder's overall tax liability. Conversely, if the shareholder filed a timely income tax return but the S corporation did not file an information return, the statutory period for the Commissioner to make an adjustment as to the flowthrough items would never expire because under the Ninth Circuit's interpretation in *Kelley* there would be no filed information return to start the assessment period running for such items.

In summary, we believe the purpose of the language in section 6037(a), as buttressed by the legislative history and

the regulations, is to provide for a statute of limitations for the S corporation in the event it is subject to tax either under the statutory provisions or by losing its status as an electing small business corporation. Cf. *Bunnel v. Commissioner,* 50 T.C. 837, 841 (1968). Moreover, we believe such interpretation of section 6037(a), which would trigger the limitations period only where a tax may be imposed on the S corporation, dovetails with the language of section 6501(a) which provides that the amount of any tax imposed by the Code is generally required to be assessed within 3 years after the taxpayer's return is filed. A contrary interpretation of section 6037(a) would render wholly ineffective the statutory exceptions to the general period of limitation on assessment and collection. We find no compelling reason to bring about such dissonant results.

Accordingly, we adhere to our conclusion reached in *Kelley v. Commissioner, supra,* with respect to the interpretation of section 6037(a), and we respectfully decline to follow the decision of the Court of Appeals for the Ninth Circuit on this issue where the appeal lies to another circuit. We hold that the notice of deficiency mailed to petitioner on April 12, 1989, was timely under section 6501(a) and therefore the assessment is not barred by the statute of limitations.

*An order will be issued denying petitioner's motion for summary judgment.*

Reviewed by the Court.

NIMS, CHABOT, PARKER, KÖRNER, SHIELDS, HAMBLEN, COHEN, CLAPP, JACOBS, GERBER, WRIGHT, PARR, WELLS, RUWE, WHALEN, and COLVIN *JJ.,* agree with this opinion.