FRANK A. ARIES, FRANK A. AND JUDY S. ARIES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aries v. Commissioner
Docket Nos. 3827-89, 3841-89
United States Tax Court
T.C. Memo 1991-41; 1991 Tax Ct. Memo LEXIS 60; 61 T.C.M. (CCH) 1769; T.C.M. (RIA) 91041; February 5, 1991, Filed *60 An order will be issued denying petitioners' motions for summary judgment and partial summary judgment. Albert Kushinsky, Stanten D. Rosenbaum, and Gary A. Kleiman, for the petitioners. Randall L. Preheim and Allan E. Lang, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case is before the Court on petitioner's Motion for Summary Judgment in docket No. 3827-89 and petitioners' Motion for Partial Summary Judgment in docket No. 3841-89. Both motions were filed October 1, 1990. [1] The stipulation of facts is incorporated by reference. Frank and Judy Aries (petitioners) resided in Colorado Springs when the petitions in these cases were filed. *61 Frank A. Aries (hereinafter petitioner) was the sole shareholder in Aries Charter, Ltd. (Aries Charter), a small business corporation qualifying under section 1361. [2] Aries Charter reported income on the basis of a fiscal year ending November 30. Aries Charter filed tax returns on Form 1120-S for the taxable years ending November 30, 1983, November 30, 1984, and November 30, 1985. Aries Charter did not execute a Form 872, Consent to Extend the Time to Assess Tax, for any of the taxable years in question. Petitioners filed their individual joint Federal income tax returns for the years in question. Prior to the expiration of the period of limitations for petitioners' 1983 and 1984 taxable years, petitioner and respondent executed a Form 872 pursuant to section 6501(c)(4) extending the period for *62 assessment of income taxes for each of those years. Prior to the expiration of the period of limitations for petitioners' 1985 taxable year respondent mailed a statutory notice of deficiency to petitioners. The notice of deficiency covered taxable years 1983, 1984, and 1985. The notice disallowed losses and investment tax credits which flowed through Aries Charter to petitioners' individual returns. [3] The issue for decision is whether the statute of limitation bars the adjustments. [4]
*63 A motion for summary judgment will be granted only when "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(b). The facts are not disputed. The notice of deficiency was sent within the period of limitations (as extended by Form 872 for 1983 and 1984) applicable to petitioners' individual returns. However, the deficiency notices sent to petitioners were not sent within the period of limitations from the date the S corporation filed its income tax returns for the taxable years in question. Respondent contends the statute of limitations is applied at the shareholder level, and therefore assessment of petitioners' tax is not barred. Petitioners argue the statute of limitations should be applied at the S corporation level, and therefore assessment of petitioners' tax reflecting their share of the Aries Charter loss and credits is barred. We agree with respondent. Section 6501(a) provides generally the amount of any tax imposed by the Internal Revenue Code shall be assessed within three years after the return is filed. Section 6037(a) requires subchapter S corporations to make returns for each taxable year and provides *64 "Any return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as a return filed by the corporation under section 6012." The parties disagree as to the meaning of section 6037(a). In the motions before this Court, petitioners rely solely on Kelley v. Commissioner, 877 F.2d 756 (9th Cir. 1989), revg. and remanding T.C. Memo 1986-405. In Kelly v. Commissioner, the Ninth Circuit held an extension of time for assessing tax for the 1980 year executed by a shareholder of a subchapter S corporation does not extend the period of limitation for a subchapter S corporation adjustment on the shareholder's return. In Fehlhaber v. Commissioner, 94 T.C. 863 (1990), we considered anew our position in Kelly v. Commissioner, supra, in light of the Ninth Circuit's opinion. In a Court-reviewed decision, we decided our holding in Kelly v. Commissioner, supra, was correct and respectfully disagreed with the Ninth Circuit's reasoning. We note an appeal in this case will lie with the Tenth Circuit, therefore we are not bound by the holding *65 in the Ninth Circuit. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Because Fehlhaber v. Commissioner, supra, is directly on point, recent, and well reasoned, it is not necessary to rehash the statutory, historical, and theoretical underpinnings of that decision. It will suffice to reiterate its holding. "Hence the only 'return' relevant to section 6501(a) is that of petitioner against whom respondent has determined a deficiency." 94 T.C. at 868. In the instant case, respondent determined a deficiency against petitioners' individual income tax before the period of limitation had expired. The period of limitation with respect to Aries Charter is of no import. [5]
Accordingly, we hold both notices of deficiency mailed to petitioners were timely *66 under section 6501(a), and assessment is not barred by statute of limitations. An order will be issued denying petitioners' motions for summary judgment and partial summary judgment. Footnotes
1. Docket No. 3827-89 deals with taxable years 1978, 1980, and 1981. Docket No. 3841-89 deals with taxable years 1983, 1984, and 1985. The deficiency in docket No. 3827-89 arose out of the disallowance of the carryback of losses and investment tax credits which originated in the taxable years at issue in docket No. 3841-89. If the Court denies petitioners' motion in docket No. 3841-89, petitioner's motion in docket No. 3827-89 must also be denied. For this reason, the remaining portion of the opinion deals solely with docket No. 3841-89.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The notice of deficiency asserted additional adjustments not important to our resolution of the statute of limitations issue. ↩
4. The parties agree the unified S corporation audit and litigation procedures of sections 6241 through 6245, Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1691-1692, were not applicable to this case. See Blanco Investments & Land Ltd. v. Commissioner, 89 T.C. 1169 (1987); 111 West 16St. Owners, Inc. v. Commissioner, 90 T.C. 1243 (1988). See also Arenjay Corp. v. Commissioner, 920 F.2d 269↩ (5th Cir. 1991), reversing and remanding an Order of this Court dated January 19, 1990.
5. Because we find the years in which the carrybacks originated are open, the years affected by the carrybacks are subject to possible adjustments.↩