SHELDON B. BUFFERD AND PHYLLIS BUFFERD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bufferd v. Commissioner
Docket No. 3970-88
United States Tax Court
T.C. Memo 1991-170; 1991 Tax Ct. Memo LEXIS 191; 61 T.C.M. (CCH) 2410; T.C.M. (RIA) 91170; April 15, 1991, Filed *191 Decision will be entered under Rule 155. We are bound to follow our Court-reviewed opinion in Fehlhaber v. Commissioner, 94 T.C. 863 (1990). Held: The notice of deficiency mailed to petitioners on December 4, 1987, was timely under section 6501(a) and, therefore, the assessment is not barred by the statute of limitations. Stuart J. Filler, for petitioner Sheldon B. Bufferd. Mary Ferrari and Kenneth J. Tager, for petitioner Phyllis Bufferd. Carmino J. Santaniello, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies and additions to tax in petitioners' Federal income tax as follows: Addition to Tax
Year
Deficiency
Section 6653(a) [1]
1975
$  3,069
$ 153.45
1976
3,704
185.20
1977
6,291
314.55
1978
13,859
692.95
1979
12,555
627.75
*192 After concessions, the sole issue for decision is whether the statute of limitations relating to the assessment of an income tax deficiency determined against the shareholder of a subchapter S corporation is to be measured at the corporate level or at the shareholder level. We are bound to follow our Court-reviewed opinion in . Therefore, we hold that the notice of deficiency mailed to petitioners on December 4, 1987, was timely under section 6501(a) and the assessment is not barred by the statute of limitations. FINDINGS OF FACT This case was submitted for decision under Rule 122. The stipulations and attached exhibits are incorporated herein by this reference. Petitioner, Sheldon B. Bufferd, resided in Fairfield, Connecticut, at the time the petition was filed. Petitioner, Phyllis Bufferd, resided in Westport, Connecticut, at the time the petition was filed. The concessions in this case are as follows: (1) For the 1978 taxable year, petitioner is entitled to an ordinary deduction in the amount of $ 20,000 which is equal to his cash investment in Printer Associates; (2) petitioner is not entitled to any other *193 losses or credits attributable to Printer Associates for any year; (3) Mrs. Bufferd is not liable for any deficiencies for the taxable years 1975 through 1979 pursuant to section 6013(e); (4) Mrs. Bufferd is not liable for additions to tax for the taxable years 1975 through 1979 under sections 6653(a) and 6659 pursuant to section 6013(e); (5) Mrs. Bufferd is not liable for the increased rate of interest under section 6621(c) for the taxable years 1975 through 1979 pursuant to section 6013(e); (6) Mr. Bufferd is not liable for additions to tax for the taxable years 1975 through 1979 under sections 6653(a) and 6659, and (7) Mr. Bufferd is liable for the increased rate of interest under section 6621(c) for the taxable years 1975 through 1979. The facts that are relevant to the statute of limitation issue remaining is this case are as follows. In 1979 Mr. Bufferd (hereinafter petitioner) was a shareholder in Compo Financial Services, Ltd. (Compo). In 1979 Compo was an electing small business corporation within the meaning of section 1371(a). Compo timely filed a U.S. Small Business Corporation Income Tax Return (Form 1120S) for the taxable period December 26, 1978, through November *194 30, 1979, on February 1, 1980. Compo did not extend the statute of limitations for assessment of taxes as provided under section 6501(c)(4) with respect to its taxable period ended November 30, 1979. On December 21, 1983, petitioner, in his capacity as secretary/treasurer of Compo executed a Special Consent to Extend the Time to Assess Tax (Form 872-A) with respect to the taxable period ended November 30, 1980. On December 15, 1987, respondent executed a Notice of Termination of Special Consent to Extend the Time to Assess Tax (Form 872-T) with respect to Form 872-A dated July 22, 1985, executed by the parties with respect to Compo's taxable period ended November 30, 1982. On April 15, 1980, petitioners filed their Federal income tax return for the 1979 taxable year. Petitioners reported their income and deductions for the 1979 taxable year on the basis of cash receipts and disbursements. On petitioners' 1979 tax return, they claimed an ordinary loss in the total amount of $ 11,550 ($ 11,050 with respect to Printer Associates and $ 500 with respect to Compo). On petitioners' 1979 tax return, they also claimed an investment credit with respect to Compo in the amount of $ 8,023. *195 On March 7, 1983, petitioners timely executed a Form 872-A for their 1979 taxable year. Respondent executed Form 872-A on March 15, 1983. Neither petitioners nor respondent filed a Form 872-T with respect to petitioners' 1979 taxable year. In the statutory notice of deficiency dated December 4, 1987, respondent disallowed petitioners' claimed 1979 loss and investment credit attributable to Compo for its taxable period December 26, 1978, through November 30, 1979. Respondent further determined that petitioner's distributive share of Compo income in 1979 was $ 1,418, resulting in a total adjustment with respect to Compo in the amount of $ 1,918. The statutory notice was timely sent to petitioners prior to the expiration of the 3-year period for assessment with respect to petitioners' 1979 tax return, as duly and timely extended under Form 872-A. The statutory notice was issued to petitioners more than 3 years after the filing of Compo's Form 1120S for the taxable period ended November 30, 1979, for which an extension of the assessment period was not executed by the corporation. OPINION This issue was previously considered by this Court in . *196 In Kelley, this Court held that the statute of limitations on assessment of a deficiency resulting from the disallowance of a loss flow-through from a subchapter S corporation is measured with reference to the individual shareholder's income tax return, rather than the corporation's information return. This Court's decision in Kelly was subsequently reversed in . In , we reconsidered our opinion in Kelley, in view of the reversal by the United States Court of Appeals for the Ninth Circuit. In Fehlhaber, we concluded that our holding in Kelley was correct and, therefore, we would adhere to our conclusion reached in Kelley. In Fehlhaber, we respectfully declined to follow the decision of the Court of Appeals for the Ninth Circuit on this issue where the appeal lies to another circuit. See , affd. . The appeal in this case lies in the Second Circuit. Therefore, we are bound to follow our Court-reviewed *197 opinion in Fehlhaber. Accordingly, we hold that the notice of deficiency mailed to petitioners on December 4, 1987, was timely under section 6501(a) and, therefore, the assessment is not barred by the statute of limitations. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩