Robert **FEHLHABER**, Petitioner–Appellant,

v.

**COMMISSIONER, INTERNAL REVENUE SERVICE,** Defendant–Appellee.

No. 90–5735.

United States Court of Appeals, Eleventh Circuit.

Feb. 24, 1992.

Mitchell S. Fuerst, John S. Bohatch, Jerome S. Richman, Edward P. Guttenmacher, Miami, Fla., for petitioner-appellant.

**654**

Gary R. Allen, Janet Kay Jones, Brian C. Griffin, Ann B. Durney, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before DUBINA, Circuit Judge, HENDERSON and CLARK,* Senior Circuit Judges.

CLARK, Senior Circuit Judge:

This case presents the issue whether the limitations period for assessing a deficiency against an individual taxpayer, attributable solely to his investment in a subchapter S corporation, commences from the date the individual files his return or the subchapter S corporation files its tax return.

I.

Subchapter S of the Internal Revenue Code[1] extends to certain eligible small business corporations a unique tax status closely analogous to that of a partnership. Unlike a subchapter C corporation, an S corporation is not separately taxed at the ordinary corporate rates, but is generally treated as a "pass through" entity under which income and losses flow directly to the shareholders.[2] The subchapter S corporation files only an informational return (Form 1120–S) which reports its gross income, deductions, shareholders, and their pro rata share of each item for the taxable year.[3] The shareholders then include their share of the S corporation's income, gain, losses, deductions, and credits on their own personal returns.[4]

Taxpayer Robert Fehlhaber was the sole shareholder of a small business corporation, Fehlhaber Associates, Inc. This subchapter S corporation timely filed its tax return on Form 1120–S for its fiscal year ended November 30, 1985. The return reported that Fehlhaber Associates had incurred a loss of $79,166 for the fiscal year. Fehlhaber timely filed his 1985 individual return on or before April 15, 1986 and reported this loss to reduce his overall tax liability. During an audit of Fehlhaber's individual return, the Internal Revenue Service determined that Fehlhaber Associates had not actually sustained the loss passed through to Fehlhaber. The Service disallowed this loss and sent a statutory notice of deficiency to Fehlhaber, dated April 12, 1989, informing him of this disallowance and a resulting increase in his tax liability of $59,041 plus penalties. Although the notice was issued to Fehlhaber within three years of the time that he filed his individual return, it was issued more than three years after the S corporation return was filed.

Fehlhaber subsequently filed a petition with the Tax Court contesting the Service's determination of a deficiency. Relying on the Ninth Circuit's decision in *Kelley v. Commissioner*,[5] Fehlhaber moved for summary judgment on the ground that the period of limitations for assessing a deficiency based on adjustments to Fehlhaber's individual return relating to the subchapter S corporation had expired prior to the issuance of the notice of deficiency. In a fully reviewed opinion, the Tax Court denied Fehlhaber's motion for summary judgment,[6] and we granted his motion for an interlocutory appeal to this court.

II.

Section 6501 of the Internal Revenue Code establishes the period of limitation for assessing any tax imposed under the Code. It states that "the amount of any tax im-

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. Unless otherwise provided, all citations in this opinion are to the Internal Revenue Code of 1954, Title 26 of the United States Code, which was in effect for the 1985 tax year at issue in this case.

2. I.R.C. §§ 1363(a) & 1366; *Pants Rack, Inc. v. United States*, 669 F.2d 198, 200 (4th Cir.1982).

3. *See* Tres.Reg. § 1.6037–1(a)(1959).

4. *See* 11 Mertens, *Law of Federal Income Taxation* § 41B.166 (1991).

5. 877 F.2d 756 (9th Cir.1989).

6. *See Fehlhaber v. Commissioner*, 94 T.C. 863 (1990).

posed by this title shall be assessed within 3 years after the return was filed." The Service contends that this language unambiguously states that the three-year period of limitations for assessing a tax begins to run from the date of the filing of the return of the person or entity against whom the tax is asserted. Because the only tax liability at issue in this case is that of Fehlhaber and not the S corporation, the Service argues that its notice of deficiency, dated April 12, 1989, was issued within three years of the filing of Fehlhaber's 1985 individual return. In contrast, Fehlhaber contends that the notice of deficiency is time barred under section 6501 because the disallowed loss was attributable to the S corporation and was therefore asserted more than three years after the filing of the corporation's returns. We agree with the Tax Court's conclusion that Fehlhaber's reading of section 6501 is inconsistent with both the language of the statute and the overall structure of subchapter S.

In authorizing the provisions of subchapter S, Congress sought to replicate the tax treatment of partnerships for certain eligible small business corporations. The principal feature of this model of taxation is that an S corporation is a "flow through" entity; the corporation is generally not subject to the corporate income tax and its income is taxed directly to its shareholders under personal income tax rates.[7] Thus, the return filed by an S corporation, not subject to income taxation, is merely an informational return because it does not reflect any corporate tax liability.[8] Such a return does not contain other relevant information about a taxpayer such as his adjusted basis in the corporate stock, filing status, exemptions, deductions, or income, losses, or credits from other sources—all information necessary to calculate his tax liability and determine any deficiency.[9] As the Tax Court noted, the taxable year of the S corporation which ended on November 30, 1985 does not correspond to Fehlhaber's own tax year which ended on December 31, 1985.[10] In sum, an S corporation return cannot be the basis for the assessment of any tax liability against either the entity or the individual shareholder: the corporation itself is ordinarily not subject to any tax and the return lacks sufficient information to determine the individual's tax liability. In this case, we therefore conclude that the limitations period for adjustments relating solely to subchapter S items did not commence from the time that Fehlhaber Associates filed its S corporation return because no tax liability could be assessed from it.[11] As a result, the Service's notice of deficiency was not time barred.

Fehlhaber, however, relies on section 6037 to support his view that the limitations period began when his S corporation filed its return. Section 6037 sets out the requirement that every S corporation must file an annual return and states in its last sentence that "[a]ny return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as

---

**7.** B. Bittker & L. Lokken, 3 *Federal Taxation of Income, Estates, and Gifts* ¶ 95.6.4, at 95–99 to –100 (2d ed. 1991).

**8.** For example, the Second Circuit, in considering a partnership return, stated that:

the return required to be filed by a partnership is not an income tax return. It is essentially an information return.... The partnership return's primary function is to provide information to the Commissioner with respect to the individual returns of the partners. In effect, the partnership return must be read together with, or as an adjunct to the partner's personal income tax return in order for it to have any value at all.

*Estate of Klein v. Commissioner,* 537 F.2d 701, 704 (2d Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976).

**9.** *Cf. Durovic v. Commissioner,* 487 F.2d 36, 40 (7th Cir.1973) (stating that "[t]he filing of an informational partnership return, upon which no assessment can be made within the meaning of 26 U.S.C. § 6501, could not begin the running of the statute of limitations"), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974).

**10.** *See Fehlhaber,* 94 T.C. at 869.

**11.** *Cf. Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 187–88, 77 S.Ct. 707, 712, 1 L.Ed.2d 746 (1957) (holding that information returns which "lack the data necessary for the computation and assessment of deficiencies ... are not tax returns within the contemplation of § 375(a) [the predecessor to § 6501]").

a return filed by the corporation under section 6012." There are, however, several difficulties with Fehlhaber's reading of this statute. Most importantly, section 6012 provides, in relevant part, that "[e]very *corporation subject to taxation under subtitle A*" is required to file an income tax return.[12] This reference strains Fehlhaber's interpretation because, as we noted above, an S corporation is a "flow-through" entity and is not generally separately taxable. It is clear that the last sentence in section 6037 does not apply to a subchapter S corporation unless its return establishes that the corporation owes a tax. Fehlhaber's subchapter S tax return reflected no tax liability on the part of the corporation.

Common sense dictates this result. Section 6501, *supra*, requires that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed."[13] A tax can only be assessed if the tax return establishes an amount certain that the taxpayer owes. The Commissioner cannot audit a return and issue a notice of deficiency unless presented with the taxpayer's final calculations. The three year statute of limitations starts when such a return is filed. Fehlhaber's tax return with final calculations showing amount due triggered the commencement of the limitations period and was deemed filed April 15, 1986. The legislative history of subchapter S amply supports this reading of section 6037. This section was enacted into law by the Technical Amendments Act of 1958.[14] The Senate Report to this Act specifically commented on the meaning of section 6037:

> Notwithstanding the fact that an electing small-business corporation is not subject to the tax imposed by chapter 1 of the 1954 Code, such corporation must make a return for each taxable year in accordance with new section 6037.... Such return will be considered as a return filed under section 6012 for purposes of the provisions of chapter 66, relating to limitations. *Thus, for example, the period of limitations on assessment and collection of any corporate tax found to be due upon a subsequent determination that the corporation was not entitled to the benefits of subchapter S, will run from the date of filing of the return required under the new section 6037.*[15]

We concede that the one example provided by this Report as to the scope of section 6037 does not necessarily imply that the limitations period begins to run from the time that a shareholder files his individual return when the S corporation is not found to be separately taxed.[16] However, the Service's interpretation of this section, which we adopt, was reaffirmed by Congress during the significant revisions to subchapter S by the Subchapter S Revision Act of 1982.[17] In recounting the state of the law *immediately prior* to the significant changes rendered by that Act, the Senate Report noted that:

> [u]nder present law, a taxpayer's individual tax liability is determined in proceedings between the Internal Revenue Service and the individual whose tax liability is in dispute. Thus, any issues involving the income or deductions of a subchapter S corporation are determined separately in administrative or judicial proceedings involving the individual shareholder whose tax liability is affected. Statutes of limitations apply at the individual level, based on the returns filed by the

---

**12.** I.R.C. § 6012(a) (emphasis added).

**13.** Section 6501(b)(1) prescribes that a return of tax imposed by this title [except for some exceptions not applicable here] shall be deemed filed on the last day the return is due.

**14.** Pub.L. No. 85–866, 72 Stat. 1606 (1958).

**15.** S.Rep. No. 1983, 85th Cong., 2d Sess. 226 (1958), U.S.Code Cong. & Admin.News, pp. 4791, 5014 *reprinted in* 1958-3 C.B. 922, 1147

(emphasis added). For example, an S corporation may be subject to a separate tax for excessive passive income and certain types of capital gains, *see* I.R.C. §§ 1374–1375; B. Bittker & L. Lokken, *supra* note 7, ¶¶ 95.6.6 & 95.6.8, or when it is found that a particular corporation's election for subchapter S status is no longer effective. *See United States v. Adams Bldg. Co.,* 531 F.2d 342, 343 n. 2 (6th Cir.1976).

**16.** *See Kelley,* 877 F.2d at 759.

**17.** Pub.L. No. 97–354, 96 Stat. 1669 (1982).

individual. *The filing by the corporation of its return does not affect the statute of limitations applicable to shareholders.*[18]

This legislative history unequivocally supports the Commissioner's position that, notwithstanding section 6037, the limitations period for assessing a tax liability against a shareholder begins to run from the date that the individual, and not the S corporation, files his return.

We also agree with the Service that the changes instituted by the Subchapter S Revision Act of 1982 support its interpretation of section 6037 as commencing the limitations period from the time that an S corporation files a return only when that entity is found to be separately taxed. Under this Act, Congress extended the audit and litigation procedures previously made applicable to partnerships by the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA")[19] to S corporations.[20] This elaborate auditing scheme provided a method of unified treatment of subchapter S items at the corporate level for all shareholders, rather than by examining the separate returns of each of the shareholders.[21] In particular, Congress commenced the running of the period of limitations for assessing a tax attributable to an S corporation item to the date on which the S corporation return was filed.[22] As Fehlhaber concedes, however, TEFRA's unified auditing and litigation procedures and, in particular, this statute of limitations provision is not applicable in this case because Fehlhaber was the only shareholder in the corporation.[23] In order to prevail, Fehlhaber must establish that prior to the enactment of the Subchapter S Revision Act, the Code commenced the period of limitations at the time that the S corporation filed its return. This he has been unable to demonstrate.

In short, Fehlhaber essentially contends that he should be subject to two statutes of limitations—one for his S corporation items and one for the rest of his tax return. We find no support for this position in the language of either section 6037 or 6501 and believe that this interpretation is fundamentally at odds with the structure of the subchapter S provisions. Absent an express congressional directive to create a dual limitations period, such as the extension of TEFRA's unified auditing provisions to S corporations with eleven or more shareholders, we find no basis for establishing such a position in this case.

In so holding, this court realizes that we bring ourselves in conflict with the Ninth Circuit's opinion in *Kelley v. Commissioner* which is the only other decision by a court of appeals to have considered this issue.[24] As the Tax Court noted, the decision in *Kelley* was premised on the policy ground that it would be manifestly unfair to shareholders to require that they defend themselves more than three years after the information return was filed against an adjustment flowing from an S corporation item when the corporation has presumably disposed of the necessary records.[25] We believe that this reasoning is unavailing for the specific reasons pointed out by the Tax Court. First, a construction of sections

---

18. S.Rep. No. 97–640, 97th Cong., 2d Sess. 25 (1982), U.S.Code Cong. & Admin.News, pp. 3253, 3275, *reprinted in* 1982–2 C.B. 718, 729 (emphasis added).

19. Pub.L. No. 97–248, 96 Stat. 324 (1982).

20. I.R.C. §§ 6221–6232, 6241–6245; *see also Arenjay Corp. v. Commissioner*, 920 F.2d 269, 270 (5th Cir.1991).

21. *See Arenjay*, 920 F.2d at 270.

22. *See* I.R.C. §§ 6229(a) & 6244; S.Rep. No. 97–640, U.S.Code Cong. & Admin.News 1982, pp. 3253, 3275 *supra* note 18, at 25, *reprinted in* 1982–2 C.B. 718, 729 (stating that "rules relating to restrictions on assessing deficiencies, periods of limitation, and judicial review [applicable to S corporations] will follow the corresponding partnership rules").

23. TEFRA's unified auditing and litigation procedures are not applicable to a S corporation with only one shareholder. *See Blanco Inv. & Land, Ltd. v. Commissioner*, 89 T.C. 1169 (1987) (holding that for tax years ending prior to January 30, 1987, an S corporation with only one shareholder is exempt from I.R.C. §§ 6241–6245).

24. *See* 877 F.2d at 757–59.

25. *See Fehlhaber*, 94 T.C. at 869.

6037 and 6501 that seeks to avoid perceived unfairness to taxpayers conflicts with a reviewing court's overriding duty to strictly interpret statutes of limitations which bar the rights of the government in favor of the taxpayer.[26] Second, in the areas of partnership and trust taxation, an individual's income tax return is commonly dependent on records maintained by another entity. Third, the large majority of S corporations are generally owned and operated by either one or a relatively small number of shareholders who have control and access to the corporation's books.[27] A shareholder can therefore take the necessary steps to ensure that the corporation preserves the relevant records, as Fehlhaber surely must have done here. This court also notes that the perceived unfairness to the taxpayer that the Ninth Circuit identified is largely a matter of expectations. In its regulations, the Service has adhered to the position that it has taken in this litigation, and, as a result, both taxpayers and S corporations have been on notice that corporate records must be kept for more than three years after the information return is filed.[28] Although we recognize the strong interest in preserving uniformity among the various courts of appeals particularly in the area of taxation,[29] this court believes that the position taken by the Tax Court is the better reasoned position and decline to follow the Ninth Circuit's decision in *Kelley*.

For the foregoing reasons, the order of the Tax Court denying Fehlhaber's motion for summary judgment is AFFIRMED.

---

**26.** *See Badaracco v. Commissioner,* 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984).

**27.** *See Fehlhaber,* 94 T.C. at 870.

**28.** *See* Tres.Reg. § 1.6037–1(c) (1959).

**29.** *Gulf Inland Corp. v. United States,* 570 F.2d 1277, 1278 (5th Cir.1978).