William H. LEONHART and Martha C. Leonhart, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 13122.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1969.

Decided Aug. 25, 1969.

David B. Rudow, Baltimore, Md. (Harry Adelberg, Baltimore, Md., on brief), for petitioners.

Issie L. Jenkins, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, on brief), for respondent.

Before SOBELOFF, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the Tax Court against the taxpayers. The Commissioner determined that the taxpayers, William H. Leonhart and Martha C. Leonhart, had understated their tax liability for the years 1960 and 1961. He assessed them for a deficiency and for the five percent penalty authorized by section 6653(a), I.R.C.1954, in cases in which the underpayment "is due to negligence or intentional disregard of rules and regulations."

The deficiency and penalty arise from the tax liability of Leonhart, Inc., which was, in the years in question, a Subchapter S corporation, with William H. Leonhart as sole shareholder. Taxpayers sought Tax Court review of this action and the court resolved twelve separate issues raised by the taxpayers. On this appeal they challenge only two of the rulings. We reject the taxpayers' contentions and affirm the Tax Court.

As to the first issue, the asserted deficiency stemming from a change in accounting method in the year 1960, we affirm on the opinion of the Tax Court.

The second issue requires brief elaboration of the Tax Court opinion since certain arguments made in this court and apparently also in the Tax Court should be answered. The question

raised is whether the Commissioner was correct in assessing the taxpayers for a penalty under section 6653(a), which provides that "[i]f any part of any underpayment * * * of any tax * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment." The penalty arises from certain deductions made from the income of the Subchapter S corporation. It was imposed in respect to that portion of the underpayment of tax for 1960 and 1961 attributable to deductions claimed by petitioners on grounds which, in the words of the Tax Court, were "obviously untenable." Among these deductions were payments for music lessons for taxpayers' children, full depreciation on vehicles used substantially for personal purposes, restaurant and bar expenses of taxpayers' son who was not at the time employed by the company.

 Appellants argue, first, that the penalty should be levied, if at all, on the corporate entity, and not on the taxpayers. Although Mr. Leonhart was sole shareholder of the Subchapter S corporation, taxpayers point out that the logical result of a rule that imposes the fine on them would be to exact a higher fine from a minority shareholder in a high tax bracket than a majority shareholder in a lower bracket, notwithstanding the fact that the minority shareholder is not in a position to control corporate affairs. This is true but as it should be. Since Leonhart, Inc., was a Subchapter S corporation at the time, taxpayers were liable to tax on corporate income at their individual tax rates.

The section 6653(a) penalty is one imposed for underpayment of tax. Obviously, therefore, it falls on taxpayers, whose duty it had been to pay. Although the minority shareholder in taxpayers' hypothetical case cannot force the corporation to report properly, he can and should pay the amount of tax he owes on an accurate report of corporate income. We cannot avoid noting that

this case is a particularly inappropriate vehicle in which to argue the possible injustice to minority stockholders, since here Mr. Leonhart is the sole stockholder.

Appellants' alternative argument is that they relied in good faith upon the erroneous advice of a certified public accountant and were therefore guilty of no negligence or intentional disregard of rules and regulations. However, to escape the penalty on this ground taxpayers must be able to show that the accountant reached his decisions independently after being fully apprised of the circumstances of the transactions. Here it appears that the accountant made his determinations from check stubs and schedules prepared by Mr. Leonhart. Since taxpayers have not shown that the advice of the accountant was based on knowledge of all the facts, they cannot avail themselves of the defense.

Affirmed.