DANIEL M. AND NANCEY N. KELLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kelley v. Commissioner
Docket No. 38523-84.
United States Tax Court
T.C. Memo 1986-405; 1986 Tax Ct. Memo LEXIS 204; 52 T.C.M. (CCH) 313; T.C.M. (RIA) 86405; August 27, 1986; Reversed and Remanded June 7, 1989 *204 Respondent determined a deficiency in petitioners' income taxes for 1980 based on items passed through from S corporation's return for its year ended Mar. 31, 1980. Notice of deficiency was sent after expiration of period of limitation on assessment of taxes against S corporation but prior to expiration of period for assessing taxes against petitioners.Held, the notice of deficiency was timely. The period of limitations applicable to petitioners controls assessment of the subject deficiency. Arthur H. Boelter, for the petitioners. Michael R. McMahon, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined a deficiency of $240,839 in petitioners' 1980 Federal income taxes. After concessions by both parties the sole issue for decision is whether section 6501(a) [1] bars assessment of tax on an item reported on petitioners' 1980 tax return as their share of a small business corporation loss. All of the facts have been stipulated. The facts set forth in the stipulation are incorporated by this reference and summarized below. Petitioners Daniel M. Kelley *206 (petitioner) and Nancey N. Kelley, husband and wife, resided in Tacoma, Washington, at the time their petition was filed. They timely filed a 1980 Federal income tax return. On that return, they deducted $163,933 as their share of the loss incurred by Holly Homes Company (Holly Homes) for its taxable year ended March 31, 1980. At all relevant times, petitioner was a 50 percent shareholder in Holly Homes, a small business corporation under section 1371. Holly Homes timely filed Forms 1120-S, U.S. Income Tax Returns for an S Corporation, for its taxable years ended March 31, 1979, and March 31, 1980. Holly Homes executed a Form 872, Consent to Extend the Time to Assess Tax. The corporation's consent extended the period for assessment of any Federal income tax due for the taxable year ended March 31, 1979, to November 30, 1983. No additional extensions of the period of limitations were granted for the period described, and no extensions were executed for Holly Homes' taxable year ended March 31, 1980. On November 30, 1983, petitioners executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, extending indefinitely, but subject to specific means of termination, *207 the period for assessment of any Federal income tax due for their taxable year ended December 31, 1980. In his notice of deficiency dated August 14, 1984, respondent determined adjustments to petitioners' 1980 taxes in which he disallowed, among other things, $140,625 of the Holly Homes loss, which amount was attributable to a Holly Homes patent depreciation deduction. Section 6501(a) generally provides that the amount of any tax imposed by the Internal Revenue Code shall be assessed within 3 years after the return was filed. The parties agree that, after applying the extensions described above, the notice of deficiency was within the statutory period for purposes of petitioners' 1980 tax return and not for purposes of Holly Homes' 1980 return. Petitioners contend that the assessment of tax on them with respect to the Holly Homes loss is barred by section 6501. Petitioners argue that the statute of limitations must be applied at the subchapter S corporation level, and therefore assessment of petitioners' 1980 tax regarding their share of the Holly Homes loss is barred. Respondent argues that the statute of limitations must be applied at the shareholder level, and therefore *208 assessment is not barred. Except as provided in section 1378 regarding certain capital gains, the shareholders of an electing small business corporation, and not the corporation, are liable for the income taxes due on the corporation's income. Sectons 1372(b) and 1373(a). Because a valid S corporation is not liable for income taxes, there is no "amount" to be assessed under section 6501(a) and therefore no occasion for a period of limitations on assessment with respect to the corporation's return. Thus, the statute of limitations must be applied at the shareholder level. [2]
Section 6037 requires every electing small business corporation to file an information return for each taxable year. It also states that "[a]ny return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as a return filed by the corporation under section 6012." This language, petitioners argue, indicates that the statute of limitations must be applied to the S corporation's return. The quoted language, *209 however, has been interpreted to mean that if the corporation is later determined not to be a small business corporation, the statute will run from its filing date for purposes of assessing tax onthecorporation. See United States v. Adams Building Co.,531 F.2d 342, 343 n. 2 (6th Cir. 1976), citing Leonhart v. Commissioner,T.C. Memo. 1968-98, affd. per curiam on other issues 414 F.2d 749 (4th Cir. 1969). Moreover, this interpretation is consistent with the regulations and the legislative history of section 6037. Section 1.6037-1(c), Income Tax Regs., provides: (c) Other provisions. The return on Form 1120-S will be treated as a return filed by the corporation under section 6012, relating to persons required to make returns of income, for purposes of the provisions of chapter 66 of the Code, relating to limitations. Thus, for example, the period of limitation on assessment and collection of any corporate tax found to be due upon a subsequent determination that the corporation was not entitled to the benefits of subchapter S, chapter 1 of the Code, will run from the date of filing the return under section 6037, or *210 from the date prescribed for filing such return, whichever is the later. See S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), 1958-3 C.B. 922, 1147. Petitioners postulate additional arguments on the basis of the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669.This Act, however, is effective for taxable years beginning after December 31, 1982, and therefore does not apply to petitioners' year in issue. Section 6 of the Subchapter S Revision Act of 1982. Petitioners also argue that the statute of limitations should be applied at the S corporation level because an S corporation is a legal entity with its own separate identity, because an S corporation is similar to a subchapter C corporation, and because it would result in fair and consistent treatment of all shareholders. After due consideration, we conclude that these arguments are unpersuasive and inconsistent with the corporation's special status under subchapter S as a nontaxable entity for Federal income tax purposes. We hold that assessment of petitioners' 1980 taxes is not barred by the statute of limitations. Petitioners requested reasonable attorneys' fees and litigation costs in their *211 petition. Petitioners have not prevailed. Moreover, such a claim shall not be included in the petition. Rule 34, Tax Court Rules of Practice and Procedure.
By Amendment to Petition, petitioners claim a carryback of a 1982 net operating loss to the year in issue. To properly compute the amount of the deficiency, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. See Leonhart v. Commissioner,T.C. Memo. 1968-98, affd. per curiam on other issues 414 F.2d 749↩ (4th Cir. 1969).