JAN A. JACOBSSON AND KERSTIN JACOBSSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobsson v. Commissioner
Docket No. 2189-82.
United States Tax Court
T.C. Memo 1987-559; 1987 Tax Ct. Memo LEXIS 551; 54 T.C.M. (CCH) 1043; T.C.M. (RIA) 87559; November 9, 1987. Matt P. Cushner, Arthur M. Holtzman, J. David Sanner, and Sheldon Davidson for the petitioners. Nilda M. Soler, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge:* Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax Under
Year
Deficiency
Section 6651(a)(1) [1]
1973
$  3,995
$   999
1974
34,306
8,577
This case is before the Court on petitioners and respondent's cross motions for summary judgment. See Rule 121. The sole issue for decision is whether respondent is barred by the statute of limitations, section 6501(a), from assessing deficiencies for the years at issue. If respondent is not so barred, petitioners concede to thedeficiencies *553 in and additions to tax as determined by respondent. All of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated by this reference and summarized below. Petitioners Jan A. Jacobsson and Kerstin Jacobsson, husband and wife, resided in Northbrook, Illinois, at the time they filed the petition in this case. During the years involved herein, petitioners' wholly-owned corporation, Jacobsson Exports, Inc. (hereinafter "Export") was an electing small business corporation. See sec. 1371 et seq. Export filed Forms 1120-S, U.S. Small Business Corporation Income Tax Returns, for Export's fiscal years ended January 31, 1973, and 1974, (hereinafter "Export's 1973 and 1974 taxable years") in December of 1975. Petitioners filed joint Federal income tax returns for their 1973 and 1974 calendar years in December of 1975. Petitioners were required to report on their 1973 and 1974 returns their pro rata share, 100 percent, of Export's undistributed taxable income for Export's 1973 and 1974 taxable years. See sec. 1373. On October 30, 1978, petitioners *554 executed a Form 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax, agreeing to extend the period for which respondent could assess a deficiency against them individually for their 1973 and 1974 taxable years to December 31, 1979. Petitioners subsequently executed two additional extensions covering both these taxable years; on November 27, 1979, and on October 17, 1980, successively extending the period for assessment against them to December 31, 1980, and then to December 31, 1981, respectively. On July 6, 1978, Export, through its president Jan A. Jacobsson, executed a Form 872 extending the period of limitations for assessment for Export's 1973 and 1974 taxable years to December 31, 1979. No additional extensions of the period of limitations for assessment were executed on behalf of Export for these years. On October 26, 1981, respondent issued a notice of deficiency to petitioners for petitioners' 1973 and 1974 taxable years. The deficiencies were attributable to respondent's disallowance of deductions claimed by Export on its 1973 and 1974 returns. The disallowed deductions increased Export's taxable income, whichin turn increased petitioners' taxable *555 income as the sole shareholders of Export, an electing small business corporation. At the time the notice of deficiency was issued, petitioners' 1973 and 1974 taxable years were not barred by the statute of limitations, though Export's 1973 and 1974 taxable years were so barred. Generally, a corporation that has made a valid election to be taxed as an electing small business corporation is not subject to income tax on its taxable income. Instead, its shareholders report its taxable income on their individual returns, whether or not such income is distributed. Sec. 1373. Important exceptions to this general rule are provided in section 1378, regarding certain capital gains, and section 58(d), regarding a minimum tax on items of tax preference. Furthermore, the loss of the special electing small business corporation status will subject the corporation to tax at the corporate level. Sec. 1372(e). However, regardless of whether an electing small business corporation is liable for tax, it is nevertheless required to file a return. Sec. 6037. Relying on section 6037 which states: "[a]ny return filed pursuant to [section 6037] shall, for purposes of chapter 66 (relating to *556 limitations), be treated as a return filed by the corporation under section 6012," petitioners argue that with respect to these deficiencies at issue, the relevant returns triggering the limitation period are Export's returns and not petitioners' individual returns. Therefore, petitioners contend that the assessment of these deficiencies is barred by section 6501. The legislative history and regulations under section 6037 do not support petitioners' interpretation. The purpose of the language in section 6037 upon which petitioners rely is merely to provide for a statutory period of limitations for the corporation in the event it is subject to tax, either by losing its preferred status as an electing small business corporation or pursuant to sections 1378 or 58(d). Section 1.6037-1(c), Income Tax Reg., reflects this purpose and provides: (c) Other provisions. The return on Form 1120-S will be treated as a return filed by the corporation under section 6012, relating to persons required to make returns of income, for purposes of the provisions of chapter 66 of the Code, relating to limitations,, Thus, for example, the period of limitations *557 on assessment and collection of any corporate tax found to be due upon a subsequent determination that the corporation was not entitled to the benefits of subchapter S., chapter 1 of the Code, will run from the date of filing the return under section 6037, or from the date prescribed for filing such return, whichever is the later. [Emphasis added.]
See S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), 1958-3 C.B. 922, 1147. There is no authority supporting petitioners' argument that respondent is estopped by sections 6037 and 6501 from assessing a deficiency for individual tax against petitioners even though respondent would be prohibited from assessing a deficiency for corporate tax against Export. In fact, this Court has on at least two previous occasions addressed this identical issue in cases involving similar facts and has found for respondent. See Kelley v. Commissioner,T.C. Memo. 1986-405; and Leonhart v. Commissioner, T.C. Memo. 19868-98, affd. per curiam on other issues 414 F.2d 749 (4th Cir. 1969). We find these cases indistinguishable on the issue presentedherein. The deficiency in tax determined *558 by respondent in the notice of deficiency was for an individual tax and is not barred by the statute of limitation. To reflect the foregoing; Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to Judge Fay↩ for disposition. 1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩