GARY L. SIBEN, MICHELE SIBEN, SIDNEY SIBEN, STELLA SIBEN, STEPHEN G. SIBEN, EILEEN L. SIBEN, WALTER SIBEN AND LILLIAN SIBEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Siben v. Commissioner
Docket No. 5027-85
United States Tax Court
T.C. Memo 1990-435; 1990 Tax Ct. Memo LEXIS 448; 60 T.C.M. (CCH) 524; T.C.M. (RIA) 90435; August 13, 1990, Filed *448 Held: Petitioner's motion for summary judgment will be denied on the basis of Fehlhaber v. Commissioner, 94 T.C. (June 13, 1990). Howard Philip Newman, for the petitioners. Randall L. Preheim, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION Pending before this Court is a motion for summary judgment filed by petitioners on June 11, 1990, together with respondent's notice of objection filed on July 5, 1990. The issue before the Court involves the statute of limitations, or more precisely whether this Court should *449 follow the decision of the Court of Appeals in Kelley v. Commissioner, 877 F.2d 756 (9th Cir. 1989), revg. T.C. Memo. 1986-405 or this Court's more recent decision in Fehlhaber v. Commissioner, 94 T.C. (June 13, 1990). The parties agree that there is no genuine issue of material fact regarding the statute of limitations issue and thus summary judgment is appropriate. See Lyons v. Board of Education of Charleston, 523 F.2d 340, 347 (8th Cir. 1975). During the years 1979 and 1980 petitioners claimed deductions on their Federal income tax returns on account of an investment in a partnership known as Baltic Energy Ltd. (hereinafter "Baltic"). Baltic is a calendar-year limited partnership. Baltic filed its 1979 partnership return on August 15, 1980, pursuant to an extension, and filed its 1980 partnership return on or before April 15, 1981. Petitioners argue that the statute of limitations with respect to an adjustment of a partner which is attributable to a partnership item expires, in general, 3 years after the date on which the partnership return was filed, or was due to be filed, unless extended by agreement. Baltic and respondent *450 did not extend the statute of limitations. In fact, there was no occasion to take that action since Baltic was not a taxpaying entity. Sec. 701. [1] (We note that section 6229 is not applicable to the 1979 and 1980 years.) Each petitioner in this case executed special consents to extend the time to assess tax on Form 872-A which extended the period for assessment with respect to the years 1979 and 1980 to a period which is 90 days after either the taxpayer or the Internal Revenue Service issued a Form 872-T or the Internal Revenue Service mailed a notice of deficiency. No Forms 872-T were issued in this case. The statutory notices issued to petitioners Sidney and Stella Siben were mailed on December 3, 1984, and to the other petitioners on December 4, 1984. Both dates were within the period *451 of limitations. Petitioners rely solely on Kelley v. Commissioner, supra. In Kelley, the taxpayer-husband was a shareholder in an S corporation. The petitioners in that case had extended the statute of limitations by agreement with respondent and a notice of deficiency was issued to them with the only adjustments pertaining to pass-through items from the S corporation. The S corporation had not extended its statute of limitations. In reversing this Court, the Ninth Circuit held that the statute of limitations on adjustments derived from "pass-through" items from the S corporation expired 3 years from the filing of the corporate information return. However, this Court in Fehlhaber v. Commissioner, supra, expressly declined to adopt the position of the Court of Appeals in Kelley on this issue. Rather we reaffirmed the position taken by this Court in Kelley. See Kelley v. Commissioner, T.C. Memo. 1986-405, revd. 877 F.2d 756 (9th Cir. 1989). Although there are distinctions between an S corporation and a partnership, the rationale of our opinion in Kelley and in Fehlhaber apply with equal force in the partnership-partner *452 area. [2] Thus, we will follow our Court-reviewed opinion in Fehlhaber. Accordingly we hold that petitioners' motion for summary judgment is due to be denied. We note parenthetically that when the petitions were filed in this case, all petitioners resided in Brooklyn, New York. Appeal will lie to the Court of Appeals for the Second Circuit, which has not spoken on this issue. We are not, in any event, bound to follow the views of the Court of Appeals for the Ninth Circuit. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We express no opinion on whether the rationale of the Ninth Circuit would similarly apply to a partnership.↩