MARTIN AND JERRILYN BRODY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brody v. Commissioner
Docket No. 963-87
United States Tax Court
T.C. Memo 1991-78; 1991 Tax Ct. Memo LEXIS 93; 61 T.C.M. (CCH) 1993; T.C.M. (RIA) 91078; February 27, 1991, Filed *93 Decision will be entered under Rule 155. Robert I. White, for the petitioners. Janet R. Balboni, for the respondent. RAUM, Judge. RAUM
MEMORANDUM OPINION The Commissioner determined deficiencies in income tax and additions to tax against Martin and Jerrilyn Brody (petitioners) for the taxable years 1977, 1978, and 1979, as follows: Year
Amount
Section 6653(a)
1977
$ 26,738.00
$ 1,336.90
1978
36,161.40
1,807.57
1979
174.32
8.72
As part of the deficiency notice, the Commissioner also determined that petitioners are liable for the increased rate of interest provided by former section 6621(d) for their 1977 and 1978 taxable years. This section was amended and redesignated section 6621(c) [1] by section 1511(c)(1)(A) of Pub. L. 99-514, 100 Stat. 2085, 2744. Petitioners were husband and wife when they filed the income tax returns for the taxable *94 years at issue. They resided in Houston, Texas, at the time they filed the petition in this case. The case was submitted on the basis of a stipulation of facts and accompanying exhibits and a "second stipulation of facts," both filed on the same day. The sole issue is whether the period of limitations for assessing and collecting taxes had expired with respect to petitioners' 1977, 1978, and 1979 taxable years when the deficiency notice was sent to them. During the taxable years 1977 through 1979, inclusive, petitioners owned ten percent of the stock of a qualified, duly electing subchapter S corporation called Delta Selectune, Inc. (Delta). During the taxable years 1978 and 1979, they also owned ten percent of the stock of another qualified, duly electing S corporation called St. Louis Selectune, Inc. (St. Louis). We will sometimes refer to Delta and St. Louis collectively as the "subchapter S corporations" or the "S corporations." At the time petitioners made their investments in Delta and St. Louis, they did not contemplate having any active participation in the affairs of the corporations; rather, they purchased the stock solely as investments. During 1977, 1978, and 1979, *95 petitioners had no participation in the affairs of either corporation other than as passive investors. They did not know the names of the other shareholders or the names of the directors of the two corporations. By about 1981, the businesses of Delta and St. Louis had failed and their offices were closed. In general, a subchapter S corporation is not required to pay tax on its income. Instead, each shareholder must report his pro rata share of the corporation's income and may deduct his pro rata share of its losses. See generally sections 1361-1379. In order to facilitate the administration of this "pass-through" system, a subchapter S corporation must file returns containing information about the corporation and its shareholders. Section 6037(a). [2]
*96 Delta reported losses on its informational returns for its taxable years 1977, 1978, and 1979, which it filed on or about March 15, 1978, March 15, 1979, and March 15, 1980, respectively. St. Louis reported losses on its informational returns for its taxable years 1978 and 1979, which it filed on or about March 15, 1979 and March 15, 1980, respectively. Petitioners had nothing to do with the preparation and filing of either the Delta or the St. Louis Forms 1120S for 1977, 1978, and 1979 returns. They claimed deductions for their pro rata share of these losses. In June of 1981, August of 1982, and September of 1983, respondent asked petitioners to enter into written agreements extending the period of limitations with respect to their taxable years 1977, 1978, and 1979, respectively. Petitioners agreed to do so, and in response to each request, executed copies of Form 872-A ("Special Consent to Extend the Time to Assess Tax") covering the taxable years for which the request was made. Under these agreements, the three-year period of limitations of section 6501(a) [3] pertaining to those taxable years was extended to the 90th day after the IRS office considering the case "receives *97 Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s)." [4] On December 18, 1986, respondent issued the notice of deficiency, in which he disallowed petitioners' deduction of their pro rata share of the losses incurred by Delta in 1977, 1978, and 1979, and by St. Louis in 1978 and 1979. *98 Neither Delta nor St. Louis entered into agreements with the Commissioner to extend the period of limitations pertaining to any of the taxable years at issue. Under section 6037(a), an informational return filed by a subchapter S corporation "shall, for purposes of chapter 66 (relating to limitations) be treated as a return filed by the corporation under section 6012." And the corporate tax return required by section 6012(a)(2) triggers the running of the three-year period of limitations on the assessment and collection of tax. See section 6501(a). In this case, the three-year period with respect to Delta and St. Louis had expired by December 18, 1986, when the Commissioner sent petitioners the notice of deficiency. See section 6501(a). The issue in this case is whether the expiration of the period of limitations with respect to the subchapter S corporations prevents the Commissioner from assessing and collecting deficiencies that are attributable to the disallowance of losses claimed by petitioners as stockholders in those corporations. We recently decided this issue in Fehlhaber v. Commissioner, 94 T.C. 863 (1990). There, we held without dissent in a *99 Court-reviewed opinion that the informational return required of a subchapter S corporation by section 6037(a) did not start the running of the period of limitations with respect to its shareholders. In so holding, we rejected the reasoning of the Ninth Circuit in Kelley v. Commissioner, 877 F.2d 756 (9th Cir. 1989), revg. and remanding T.C. Memo 1986-405, 52 T.C.M. (CCH) 313, T.C.M. (RIA) 86405 (1990). We have since followed Fehlhaber in Aries v. Commissioner, T.C. Memo 1991-41 (filed February 5, 1991, slip op. p.5). And we have also followed Fehlhaber in Siben v. Commissioner, T.C. Memo 1990-435, 1990 Tax Ct. Memo LEXIS 448, 60 T.C.M. (CCH) 524, T.C.M. (RIA) 90435 (1990), where we held that the period of limitations for assessing a partner's tax must be determined at the level of the partner, not the partnership. Fehlhaber is controlling in this case. We hold that the period of limitations has not expired with respect to deficiencies, additions to tax, and increased interest that are attributable to the disallowance of losses passed through to petitioners from Delta and St. Louis in the taxable *100 years at issue. Due to the difference between the figures in the deficiency notice and those in the stipulation of the parties, Decision will be entered under Rule 155. Footnotes
1. Except as otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years at issue.↩
2. SEC. 6037. RETURN OF ELECTING SMALL BUSINESS CORPORATION. Every electing small business corporation (as defined in section 1371(b)) shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowable by subtitle A, the names and addresses of all persons owning stock in the corporation at any time during the taxable year, the number of shares of stock owned by each shareholder at all times during the taxable year, the amount of money and other property distributed by the corporation during the taxable year to each shareholder, the date of each such distribution, and such other information, for the purpose of carrying out the provisions of subchapter S of chapter 1, as the Secretary may by forms and regulations prescribe. Any return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as a return filed by the corporation under section 6012.↩
3. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General rule. -- Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. ↩
4. The stipulation and second stipulation appear to be in conflict as to whether petitioners terminated their consent to extend the period of limitations. The first stipulation states in paragraph 6 that "no notifications respecting terminations of the Forms 872A * * * were ever sent by either party." The second stipulation states in paragraph 7 that "in late September 1986, petitioners terminated the Forms 872A for 1977, 1978, and 1979 that they had signed." However, petitioners do not contend that the deficiency notice was untimely as to them, apart from their position relating to the expiration of the period of limitations in respect of the S corporations.↩