RUDOLFO A. AND JACALYN LEE NIETO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Nieto v. Commissioner
Docket Nos. 15864-90, 18162-90, 9090-91
United States Tax Court
T.C. Memo 1992-296; 1992 Tax Ct. Memo LEXIS 314; 63 T.C.M. (CCH) 3050; May 19, 1992, Filed *314 Decision will be entered for petitioner in docket No. 15864-90. Decisions will be entered for respondent in docket Nos. 18162-90 and 9090-91. Rudolfo A. and Jacalyn Lee Nieto, pro sese in docket No. 15864-90. Phillip Louis Johnston, pro se in docket No. 18162-90. Phillip Louis and Laura L. Johnston, pro sese in docket No. 9090-91. Bruce E. Gardner, for respondent. PATE
PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [2]
Respondent determined: (1) A deficiency in Rudolfo A. and Jacalyn Lee Nieto's 1987 Federal income tax of $ 570; (2) a deficiency in Phillip Louis Johnston's 1987 Federal income tax of $ 1,165, and an addition to tax for negligence of $ 58, plus 50 percent of the interest due on the underpayment due to negligence; *315 and (3) a deficiency in Phillip Louis and Laura L. Johnston's 1988 Federal income tax of $ 585, and an addition to tax for negligence of $ 29, plus 50 percent of the interest due on the underpayment due to negligence. After concessions, [3] the issues we must decide are: (1) Whether Phillip Louis Johnston (hereinafter Mr. Johnston) or Jacalyn Lee Nieto (hereinafter Mrs. Nieto) is entitled to dependency exemptions for Joel Johnston and Jason Johnston; and (2) whether Mr. Johnston is liable for additions to tax for negligence. [4]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The Stipulation of Facts and attached exhibits are incorporated herein by this reference. All petitioners resided in California at the time their *316 respective petitions were filed. Prior to June 1984, Mr. Johnston and Mrs. Nieto were husband and wife. During their marriage, they had three children, Justin Levi Johnston (hereinafter Justin), Joel Holly Johnston (hereinafter Joel), and Jason T. Johnston (hereinafter Jason). On June 11, 1984, pursuant to an interlocutory divorce decree issued by the Superior Court of California, County of Modoc, Mr. Johnston and Mrs. Nieto were awarded joint legal custody of their children. Mr. Johnston was awarded physical custody of all three. Mrs. Nieto subsequently remarried and, in November 1986, she and Mr. Johnston filed a stipulation with the Superior Court agreeing that they would retain joint custody, but that she would take physical custody of their three children and that he would pay her $ 75 per month per child for their support. On April 20, 1987, the Superior Court ordered that the child support be raised to $ 125 per month per child. In August 1987, Mrs. Nieto and Mr. Johnston agreed that he would have physical custody of Justin and he was relieved of paying child support for Justin. Jason and Joel lived with Mrs. Nieto during all of 1987 and 1988. Justin lived with Mrs. *317 Nieto only until August 1987, and then went to live with Mr. Johnston. During 1987, Mr. Johnston paid Mrs. Nieto child support of $ 2,838, approximately $ 680 of which was for Justin. During 1988, he paid her child support of $ 2,400, all of which was for Jason and Joel. For 1987 and 1988, Mr. Johnston claimed three dependency exemptions, reporting that Jason, Joel, and Justin lived with him the entire time. For 1987 and 1988, Mrs. Nieto claimed two dependency exemptions, reporting that Jason and Joel lived with her the entire time. On the respective notices of deficiency, respondent disallowed all of the dependency exemptions claimed by petitioners for Jason and Joel. After receiving his notice of deficiency, Mr. Johnston requested a transcript from the Superior Court for the proceedings with respect to its Order of April 20, 1987 (hereinafter the April 20, 1987 Order). When informed that no transcript existed, he petitioned the Superior Court to modify the April 20, 1987 Order to provide that he retroactively be allowed to claim dependency exemptions for all three children. The Superior Court granted his uncontested petition and, on July 23, 1990, modified its April 20, *318 1987 Order accordingly. OPINION Dependency Exemption
In general, section 151(c) allows a taxpayer an exemption for his "dependents" as that term is defined in section 152. The term "dependent" includes a son or daughter of the taxpayer over half of whose support was received from the taxpayer. Sec. 152(a). However, when a child's parents are divorced, section 152(e)(1) provides a special rule to determine which one of them is entitled to the dependency exemption. That section provides that, if a child received over half of his support from his divorced parents, and such child is in the custody of one or both of his parents for more than one-half of the calendar year, then the parent having custody for a greater portion of the calendar year is entitled to the dependency exemption. The regulations further provide that where the parents have "split" custody, custody "will be deemed to be with the parent who, as between both parents, has physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs.
An exception to these rules is provided in section 152(e)(2), which allows the dependency exemption to the noncustodial parent *319 when the custodial parent agrees to release the exemption. In that case, the noncustodial parent must obtain from the custodial parent a written declaration that he or she "will not claim such child as a dependent for any taxable year beginning in such calendar year" and attach the written declaration to his or her return. Sec. 152(e)(2). Mr. Johnston maintains that he is entitled to dependency exemptions for Jason and Joel for 1987 and 1988. When he and Mrs Nieto were divorced in 1984 they were awarded joint legal custody of their children and Mr. Johnston got physical custody of all three. However, in 1986, he agreed that physical custody of Jason and Joel be awarded to Mrs. Nieto and they lived with her for all 12 months of both 1987 and 1988. Because Mr. Johnston did not have physical custody of Jason and Joel during 1987 and 1988, he is not entitled to dependency exemptions for them. Sec. 1.152-4(b), Income Tax Regs.
Further, as the noncustodial parent, the only way Mr. Johnston could claim the dependency exemptions for Jason and Joel is by obtaining a written declaration from Mrs. Nieto that she would not claim such exemptions and then attaching such declaration to his *320 income tax return. Sec. 152(e)(2). He did not do this. Therefore, we cannot allow him the dependency exemptions. Nevertheless, Mr. Johnston contends that the court order dated July 23, 1990 (hereinafter the July 23, 1990 Order), modifying the April 20, 1987 Order, issued by the Superior Court, granted him the right to the exemptions and that it, in itself, is sufficient to allow him the exemptions. In general, State court adjudications retroactively changing the rights of the parties are disregarded for Federal income tax purposes. Daine v. Commissioner, 9 T.C. 47 (1947), affd. 168 F.2d 449 (2d Cir. 1948). An exception to this rule is made when the nunc pro tunc order retroactively corrects an order which failed to reflect the true intention of the court at the time it was rendered. Gordon v. Commissioner, 70 T.C. 525, 530 (1978); Johnson v. Commissioner, 45 T.C. 530, 532 (1966). Petitioner contends that the July 23, 1990 Order corrected a mistake in the original Order issued by the Superior Court and, therefore, should be given effect for Federal income tax purposes. However, State courts, by their *321 decisions, cannot determine issues of Federal tax law. Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986). Therefore, even assuming arguendo that petitioner is correct in his contention, the nunc pro tunc order issued by the Superior Court avails him nothing because he did not comply with the requirements set down in the Internal Revenue Code. The exception granting the noncustodial parent the exemption under section 152(e)(2) applies only if "the custodial parent signs a written declaration". Mrs. Nieto (admittedly the custodial parent) did not sign any such written declaration. Because Mr. Johnston, the noncustodial parent, did not meet the requirements of the Federal income tax statute, he simply does not come within the statutory exception provided for in section 152(e)(2). Accordingly, we hold that Mr. Johnston is not entitled to dependency exemptions for Jason and Joel for 1987 or 1988. Further, we hold that Mrs. Nieto is entitled to such exemptions for 1987. [5]
*322 Negligence
Respondent determined that Mr. Johnston is liable for the additions to tax for negligence under section 6653(a)(1)(A) and (B) for 1987, and he and Mrs. Johnston are liable for the additions to tax for negligence under section 6653(a)(1) for 1988. Section 6653(a)(1)(A) for 1987 and section 6653(a)(1) for 1988 provide that, if any portion of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, an amount equal to 5 percent of the underpayment is added to the tax. Section 6653(a)(1)(B) for 1987 provides for an addition to tax equal to 50 percent of the interest on the portion of the underpayment attributable to negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable or ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Because an addition to tax under section 6653(a) is presumptively correct, the taxpayer *323 bears the burden of establishing that respondent's determination was erroneous. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. T.C. Memo. 1984-264; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972). On both his 1987 and 1988 income tax returns, Mr. Johnston reported that Jason and Joel lived with him for the entire 12 months, facts which Mr. Johnston admits are not true. Stating on his returns that two of his children lived with him the entire year when, in fact, they did not, is not the act of a reasonable or ordinarily prudent person. It constitutes (in the very least) negligence. Mr. Johnston argues that he was not negligent in claiming dependency exemptions for all three children for 1987 and 1988 because he did so in compliance with a court order. However, the court order allowing him the exemptions was not issued until after he filed his 1987 and 1988 Federal income tax returns. The previous order did not contain any language allowing petitioner the exemptions, and petitioner should have noted that fact when preparing his income *324 tax returns for 1987 and 1988. Lastly, Mr. Johnston argues that he should not be held to be negligent because he had someone else prepare his income tax returns. Good faith reliance on the advice of counsel or a taxpayers from additions to tax for negligence in cases where the taxpayer (1) consulted a fully qualified, independent, accountant, (2) fully disclosed the facts to him, and (3) then relied on his advice in good faith. Leonhart v. Commissioner, 414 F.2d 749 (4th Cir. 1969), affg. T.C. Memo. 1968-98. However, at trial, petitioner did not present sufficient evidence of his accountant's qualifications, the information disclosed to him, or the advice he gave petitioner to meet this exception. Further, even if we assume that petitioners' accountant was qualified and well informed, yet still made an error in preparing the returns, that "error" appeared on the face of petitioners' 1987 and 1988 income tax returns and would have been very obvious to anyone reading those returns. Yet, this "error" was not corrected by Mr. Johnston before they were filed. Consequently, we find that Mr. Johnston was negligent in the preparation of his 1987 *325 and 1988 income tax returns. Qualified accountant can, under certain circumstances, be a defense to the addition to tax for negligence. Pessin v. Commissioner, 59 T.C. 473, 488-489 (1972); Conlorez Corp. v. Commissioner, 51 T.C. 467, 475 (1968). The courts have absolved.
To reflect the foregoing, Decision will be entered for petitioner in docket No. 15864-90. Decisions will be entered for respondent in docket Nos. 18162-90 and 9090-91.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Phillip Louis Johnston, docket No. 18162-90, and Phillip Louis and Laura L. Johnston, docket No. 9090-91.↩
2. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All concessions were made by petitioners in docket No. 18162-90. ↩
4. Although Mr. Nieto and Mrs. Johnston are also petitioners in this case, in addressing these issues, we will refer only to Mrs. Nieto and Mr. Johnston, the parents of Joel Johnston and Jason Johnston.↩
5. Jacalyn and Rudolfo Nieto petitioned this Court with regard to their 1988 deficiency (docket No. 10188-91), but that case was dismissed on Sept. 16, 1991, because their petition had not been timely filed. Consequently, we do not have jurisdiction over their 1988 Federal income tax return, and, therefore, cannot render a decision with regard to their tax deficiency for that year.↩