T.C. Memo. 1998-49

UNITED STATES TAX COURT

MICHAEL J. HECKLER, A.K.A. MICHAEL VONHECKLER AND
CHARLOTTE A. MISKA, Petitioners <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket No. 26742-95.                    Filed February 9, 1998.

Michael J. Heckler, pro se.

<u>Kevin M. Murphy</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined additions to petitioners' Federal income tax as follows:

| | Additions to Tax | | |
|---|---|---|---|
| Tax Year | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6661 |
| 1986 | $303 | [1] | $1,514 |

[1] 50 percent of the interest due on $6,054.

The issues for decision are: (1) Whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1)(A) and (B); and (2) whether petitioners are liable for an addition to tax under section 6661.

Some of the facts have been stipulated and are so found. For clarity and convenience, the findings of fact and opinion have been combined. Petitioner Michael J. Heckler (petitioner) resided in Kenmore, New York, and petitioner Charlotte A. Miska resided in Oyster Bay, New York, at the time they filed their petition. Petitioner and Miska were husband and wife during the taxable year in issue.

As this Court previously observed in ruling on procedural matters in this case, our jurisdiction is limited to redetermining petitioners' liability for the additions to tax set forth in the affected items notice of deficiency. Heckler v. Commissioner, T.C. Memo. 1996-521. The notice of deficiency shows it was based on a corrected tax liability of $18,366 and that the tax shown on the return or as previously adjusted was $12,312.

In 1986, petitioners invested $3,000 in a partnership known as Irving & Co. Petitioners invested this money with Fred Schneider (Schneider), their accountant and principal of Schneider & Associates. Schneider was the promoter of Irving & Co. and one of its members. On their 1986 Federal income tax return, petitioners reported a loss in the amount of $15,432, which represented their net loss from Irving & Co.

Section 6653(a)(1)(A) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(1)(B) provides for an addition to tax in the amount of 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence.

Negligence is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of proving that respondent's negligence determination is erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Petitioners argue they are not liable for the negligence additions to tax because they relied on their accountant for

professional advice with regard to the investment in Irving & Co. We disagree.

Under certain circumstances, reliance on the advice of a competent professional adviser may overcome respondent's finding of negligence. United States v. Boyle, 469 U.S. 241 (1985); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered. Freytag v. Commissioner, supra at 888. A taxpayer's reliance on professional advice is an acceptable excuse from the negligence additions to tax where such reliance was reasonable. United States v. Boyle, supra.

Reliance on representations by insiders, promoters, or offering materials generally is not an adequate defense to negligence. Gollin v. Commissioner, T.C. Memo. 1996-454. A taxpayer must be able to show that the adviser reached his or her decision independently. Leonhart v. Commissioner, 414 F.2d 749 (4th Cir. 1969), affg. T.C. Memo. 1968-98. A taxpayer ordinarily may not reasonably rely on someone with an inherent conflict of interest. Goldman v. Commissioner, 39 F.3d 402, 408 (2d Cir. 1994), affg. T.C. Memo. 1993-480.

As the promoter of Irving & Co., Schneider had an inherent conflict of interest. Whatever advice Schneider gave

petitioners, they have not shown that it was given without due regard to his own personal stake in Irving & Co. As the promoter, Schneider had a motive to say what was necessary in order to get petitioners to invest in Irving & Co. Because Schneider was not a disinterested source, petitioners should have investigated or sought independent professional advice regarding the validity or viability of the investment. They did not do so.

In support of their position, petitioner stated that he was only a limited partner in Irving & Co. and that he did not have any material knowledge of the business. He never saw a prospectus, any books or records, or met any of the principals in Irving & Co., other than Schneider. He testified that he simply gave Schneider $3,000 with the hope of making a profit. He considered himself an engineer with no experience in business investments. When petitioner was questioned regarding how he was going to make money, his response was that he would receive a share of the profits from the business. He did not know how the business would generate any profits.

We believe that a reasonable investor would have done more to protect his investment than what petitioner did in the instant case. Although petitioner claimed that he lacked knowledge regarding business investments, a reasonable person, especially one as educated as petitioner, would be prudent enough to at least question the genuineness of the business before investing

$3,000. At the very least, the fact that a $3,000 investment yielded a $15,432 loss deduction for the year of the investment should have alerted petitioners that their deductions were "too good to be true." McCrary v. Commissioner, 92 T.C. 827, 850 (1989). We find that petitioners' actions, in failing to conduct anything approaching a meaningful investigation of Irving & Co., were not the actions that a reasonable and ordinarily prudent person would have taken under the circumstances.

Petitioner also testified the reason why they invested in Irving & Co. was to make money, and not because it was a tax shelter. However, the evidence clearly supports a finding that petitioners invested in Irving & Co. because it was a tax shelter. This evidence includes: (1) A May 29, 1986 letter from Schneider to petitioner that states "Now is the time to plan your tax shelters for 1986"; (2) a July 7, 1986 handwritten letter from Schneider to petitioner that states "You can expect tax savings per our discussion"; and (3) petitioners' check transaction register indicating a $3,000 payment that states, in petitioner's own handwriting, "Fred Schneider 1986 Tax Shelter". We are convinced that petitioners knew they were participating in a tax shelter. Nevertheless, petitioners' reliance on Schneider's advice, as the tax shelter promoter, is not reasonable or prudent. Goldman v. Commissioner, supra at 408.

By failing to seek outside or independent counsel, petitioners negligently failed to investigate the business properly.

On this record, we conclude that the underpayment of tax was due to negligence. Accordingly, respondent is sustained on this issue.

Respondent also determined that petitioners are liable for the addition to tax for substantial understatement of tax pursuant to section 6661. Section 6661 imposes an addition to tax, for additions assessed after October 21, 1986, equal to 25 percent of any underpayment of income tax attributable to a substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1874, 1951; Pallottini v. Commissioner, 90 T.C. 498 (1988). Petitioners bear the burden of proving they are not liable for this addition to tax. Rule 142(a); Kings's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 517 (1992).

An understatement is defined as the excess of the amount of tax required to be shown on the return over the amount of tax imposed which is shown on the return, reduced by any rebate. Sec. 6661(b)(2)(A). There is a substantial understatement if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6661(b)(1)(A). For the taxable year in

issue, petitioners' understatement was substantial within the meaning of section 6661(b)(1)(A).

The amount of the understatement may be reduced by that portion of the understatement which is attributable to either: (1) The tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2)(B). However, if the understated item is attributed to a "tax shelter", within the meaning of section 6661(b)(2)(C)(ii), a reduction in the understatement is not permitted unless the tax treatment of the item used is supported by substantial authority and the taxpayer believed that the tax treatment of such item was more likely than not the proper tax treatment. Sec. 6661(b)(2)(C)(i)(II).

We conclude that Irving & Co. was a tax shelter within the meaning of section 6661(b)(2)(C)(ii). Therefore, even if petitioner adequately disclosed the nature of the understated items on their return, which they did not do, they could not have avoided the addition for substantial understatement. Sec. 6661(b)(2)(C)(i)(I).

The question now is whether petitioners have substantial authority for their treatment of the items in question and did

they reasonably believe that such treatment was more likely than not the proper tax treatment.

As petitioners failed to cite any authority or present any evidence to overcome respondent's determination on this issue, we conclude that no substantial authority exists for the tax treatment of items related to Irving & Co. and that petitioners did not reasonably believe that their treatment of the items was more likely than not correct. Accordingly, respondent is sustained on this issue.

<u>Decision will be entered</u>

<u>for respondent</u>.