T.C. Memo. 2003-215


UNITED STATES TAX COURT


CHRISTOPHER Y. KIMM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4102-01.                    Filed July 17, 2003.


<u>Steve Mather</u> and <u>Stephen J. Mihaly</u>, for petitioner.

<u>Jean Song</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, <u>Judge</u>:  Respondent determined a $9,717 deficiency in petitioner's Federal income tax for 1996.  The issues for decision are (1) whether Christopher Y. Kimm (petitioner) is entitled to deduct a $30,000 payment to his father in 1996 as an ordinary and necessary business expense under section 162 and (2)

whether petitioner is liable for an accuracy-related penalty under section 6662.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Walnut, California.

A. Background

During 1996, petitioner worked as the director of acquisitions for K Young Homes, Inc. From November 1974 to March 1996, Douglas T. Kimm (petitioner's father), owned a 7-Eleven franchise and operated other businesses within Southern California. During the year in issue, petitioner's father lived with his daughter and with petitioner in their respective apartments. Petitioner's father would travel back and forth between the two apartments. For more than half of the year 1996, petitioner's father resided with petitioner in his apartment.

B. Proposed Business Arrangement

During the last quarter of 1996, petitioner spoke to his father about helping petitioner locate U.S. real estate investment opportunities for the purpose of selling interests to

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Asian investors. At that time, the real estate experience of petitioner's father consisted of the ownership of a 7-Eleven franchise for approximately 22 years and the purchase and sale of two commercial properties and his personal residence.

The proposed arrangement was for petitioner's father to locate potential real estate investments and advise petitioner on their profitability. Petitioner's father agreed to drive around Southern California and assist in locating investment opportunities. In exchange, petitioner orally agreed to pay[2] petitioner's father $30,000 annually for his services.

C. Maintenance of Records

In December 1996, petitioner opened a checking account with Bank of America (Bank of America account). The Bank of America account was petitioner's personal account. During the same month, petitioner's father received a check drawn from petitioner's Bank of America account in the amount of $30,000.

At this time, petitioner's father did not have a checking account. Therefore, in January 1997, petitioner's father asked Mark M. Hathaway (Mr. Hathaway), his tax attorney and C.P.A., to deposit the check in Mr. Hathaway's client trust account (trust account). From the trust account, Mr. Hathaway made payments as

---

[2] We use the words "pay," "paid," and "payment" in our findings of fact for convenience only. We do not intend our use of these terms to indicate any conclusion about the substance of the transactions at issue.

petitioner's father instructed either to petitioner's father directly or to creditors of petitioner's father.

For the year 1996, petitioner did not provide to the Court records of any sites visited, dates or hours worked, or mileage traveled by petitioner's father. Petitioner and petitioner's father never executed a written consulting agreement. Petitioner did not issue to petitioner's father a Form 1099-MISC, Miscellaneous Income, for the $30,000 payment.

D.   1996 Tax Return

Mr. Hathaway prepared U.S. Individual Income Tax Returns for both petitioner and petitioner's father for 1996. On his Schedule C, Profit or Loss From Business, petitioner's father claimed a loss of $26,085 from his 7-Eleven business, gross income of $30,000 for the payment received from petitioner, and on his Schedule D, Capital Gains and Losses, he claimed a short-term capital loss of $59,500 from the sale of his 7-Eleven store.

On April 15, 1997, petitioner timely filed his 1996 Federal income tax return. On his 1996 return, petitioner deducted the $30,000 paid to petitioner's father for consulting services.

Respondent issued a notice of deficiency to petitioner regarding his 1996 tax year. In the notice of deficiency, respondent determined, inter alia, that petitioner was not entitled to deduct the $30,000 paid to petitioner's father in 1996.

OPINION

A.   Ordinary and Necessary Business Expense

The question we consider is whether petitioner is entitled to deduct the $30,000 that petitioner paid to petitioner's father as an ordinary and necessary business expense under section 162. Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".

The question as to whether an expenditure satisfies the requirements of section 162 is one of fact.  Commissioner v. Heininger, 320 U.S. 467 (1943).  "Intrafamily transactions resulting in the distribution of income within a family unit are subject to the closest scrutiny."  Van Zandt v. Commissioner, 40 T.C. 824, 830 (1963) (citing Commissioner v. Tower, 327 U.S. 280 (1946)), affd. 341 F.2d 440 (5th Cir. 1965); see Helvering v. Clifford, 309 U.S. 331 (1940).

Petitioner maintains that the $30,000 was a consulting fee payment made as part of an oral agreement between petitioner and his father in 1996.  Petitioner argues that he established a business to sell interests in U.S. real estate investments to Asian investors.  He further argues that the $30,000 check paid to his father in 1996 was deductible on petitioner's Schedule C, Profit or Loss From Business, as an ordinary and necessary

business expense relating to petitioner's real estate investment business.

Respondent argues that petitioner was not involved in any business activity with petitioner's father during 1996, and therefore the $30,000 paid to petitioner's father was not for the purpose of carrying on a trade or business under section 162. Respondent further argues that the $30,000 was in actuality a redistribution of tax liability. Petitioner's father already had a Schedule C loss of $26,085 from his 7-Eleven store to offset the $30,000 while petitioner was able to gain a tax liability reduction of $9,717 by claiming a $30,000 expense against his total wages of $127,039. We agree with respondent.

We note that a "deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer."[3] INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rule 142(a). Therefore, petitioner must establish that the $30,000 paid to petitioner's father was for the purpose of carrying on petitioner's trade or business.

Taxpayers are required to keep such permanent records as are sufficient to substantiate the amount and the purpose of any deductions. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs. Petitioner did not

---

[3] Petitioner does not contend that sec. 7491(a) is applicable to this case.

provide the Court with records of any sites visited, dates or hours worked, or mileage traveled by his father in order to establish the validity of the $30,000 consulting fee payment and the corresponding expense to petitioner. The personal check petitioner issued to his father is the only documentary evidence provided to substantiate the deduction. The $30,000 check drawn from petitioner's Bank of America account fails to substantiate the purpose of the check. Due to the heightened scrutiny we give to intrafamily transactions, the testimony of petitioner's father coupled with the $30,000 check paid from petitioner's personal account are insufficient to establish that petitioner and petitioner's father conducted business activities together during 1996. Accordingly, petitioner has failed to substantiate the purpose of the $30,000 payment.

Petitioner has shown neither that he conducted a real estate investment business during 1996 nor that he is entitled to an ordinary and necessary business deduction for the $30,000 related to efforts petitioner's father allegedly made in an attempt to secure potential real estate investment opportunities for Asian investors. Petitioner did not appear or testify at trial. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). As we do not need to accept testimony of an interested party without corroborating evidence, the testimony of petitioner's father, along with the

$30,000 check, does not establish that petitioner conducted a real estate investment business during 1996 and that petitioner was entitled to an ordinary and necessary business deduction related to site visits that petitioner's father allegedly made during the last quarter of 1996. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). Accordingly, petitioner is not entitled to an ordinary and necessary business expense deduction for the $30,000 paid to his father.

B.    Accuracy-Related Penalty

As we have found that petitioner is not entitled to the claimed deduction, we consider next whether petitioner is liable for a section 6662 accuracy-related penalty for negligence. Section 6662(a) provides that if any portion of any underpayment is due to negligence, then a taxpayer will be liable for a penalty equal to 20 percent of the underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence. Negligence is defined as "the lack of due care or failure to do what a reasonable and ordinary prudent person would do" under the circumstances. Niedringhaus v. Commissioner, 99 T.C. 202, 221 (1992). "Negligence" includes the failure to keep adequate books and records or to substantiate items properly. Id.; sec. 1.6662-3(b)(1), Income Tax Regs.

With respect to the accuracy-related penalty, respondent

bears the burden of production.  Sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. at 446.  In that regard, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose" the accuracy-related penalty.  <u>Id.</u> Respondent contends that he has met that burden.

A taxpayer may avoid the accuracy-related penalty by showing that (1) there was reasonable cause for the underpayment, and (2) he acted in good faith with respect to such underpayment.  Sec. 6664(c)(1).  Whether a taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances, and most importantly, the extent to which he attempted to assess his proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The good faith reliance on the advice of an independent, competent professional as to the tax treatment of an item may meet this requirement.  <u>United States v. Boyle</u>, 469 U.S. 241 (1985).

In order for reliance on professional advice to excuse a taxpayer from the negligence additions to tax, the reliance must be reasonable, in good faith, and based upon full disclosure. <u>Id.</u>; see <u>Weis v. Commissioner</u>, 94 T.C. 473, 487 (1990).  A taxpayer acts reasonably when he provides his accountant or attorney with all relevant information necessary to prepare his tax return, and he relies, in good faith, on the advice of his attorney or accountant regarding a matter of substantive tax law.

See Jaques v. Commissioner, T.C. Memo. 1989-673, affd. 935 F.2d 104 (6th Cir. 1991); see also United States v. Boyle, supra at 251. "Ordinary business care and prudence" do not demand that taxpayers attempt to discern error in the substantive advice of an accountant or attorney. Id. Taxpayers must be able to show that the adviser reached his or her decisions independently. See Leonhart v. Commissioner, 414 F.2d 749, 750 (4th Cir. 1969), affg. T.C. Memo. 1968-98. In the instant case, Mr. Hathaway is a C.P.A. and an attorney certified in taxation law by the California State Bar, Board of Legal Certification. Additionally, petitioner and petitioner's father fully disclosed the facts surrounding the transaction to Mr. Hathaway and provided him the $30,000 check petitioner had issued to his father for consulting services. Based on this information, Mr. Hathaway advised both petitioner and petitioner's father that the appropriate income tax reporting was for petitioner's father to report the $30,000 payment as compensation income and for petitioner to claim a $30,000 deduction. Mr. Hathaway prepared the returns for both petitioner and petitioner's father consistent with this advice. Both petitioner and petitioner's father reasonably relied on the advice of their tax adviser in reporting the transaction on their respective returns. Accordingly, petitioner is not liable for the section 6662(a) accuracy-related penalty.

To the extent not herein discussed, we have considered all other arguments made by the parties, and we find them to be moot or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.